Joseph P. DUNN

v.

UNITED STATES of America.

Civ. A. No. 80–1498.

United States District Court,
E. D. Pennsylvania.

June 18, 1981.

Gregory T. Prete, Media, Pa., for plaintiff.

James G. Sheehan, Asst. U. S. Atty., E. D. Pa., Philadelphia, Pa., for defendant.

### MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff has brought this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* to recover damages for the humiliation and mental suffering allegedly suffered by him as a result of certain actions taken by "law enforcement personnel" of the United States. Complaint ¶¶ 9, 10. Plaintiff is, and was at all times relevant to this proceeding, employed by the United States Mint in Philadelphia. He alleges that on December 14, 1979, while he was on duty at the Mint, Government employees accused him of stealing, and thereafter detained and interrogated him. He alleges that, as a result of this incident, his health has been impaired in various ways and he has suffered mental anguish and humiliation. To recover for these injuries, plaintiff first filed a claim for benefits under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.* While that claim was pending, he filed the instant action, arising out of the same incident, for mental suffering and false imprisonment. On October 6, 1980, for reasons set forth in an opinion delivered from the bench on that day, this court stayed the Tort Claims suit pending the resolution of the FECA claim. On March 11, this court was advised that

the Department of Labor had sustained plaintiff's FECA claim and had directed compensation for such of plaintiff's injuries as are compensable thereunder. As the administrative process had concluded, this matter was transferred to the active docket on March 20, 1981. It is currently before the court on defendant's motion to dismiss.

 FECA establishes a program of workmen's compensation for Government employees. This program is designed to provide exclusive remedies for work-related injuries, 5 U.S.C. § 8116(c), and once it is determined that an injury is within the scope of coverage of FECA, the employee may not bring a Tort Claims suit for that injury, even if FECA does not provide compensation for the covered injury. *Posegate v. United States*, 288 F.2d 11 (9th Cir. 1961). To ensure uniformity of administration of FECA, the Secretary of Labor is to "administer, and decide all questions arising under" FECA, 5 U.S.C. § 8145—including those concerning the scope of coverage of FECA—and the Secretary's determinations are final and are not reviewable by the courts. 5 U.S.C. § 8128(b). Thus, once it is determined that there is a "substantial question" as to whether an injury is covered by FECA, the employee "must first seek and be denied relief by the Secretary of Labor" before he may institute suit under the Tort Claims Act. *Reep v. United States*, 557 F.2d 204, 207 (9th Cir. 1977).

 Here, plaintiff applied for benefits under FECA before he instituted this Tort Claims suit for injuries arising out of the same incident. The Secretary of Labor determined that the injuries were within the coverage of FECA, and that some of the injuries were compensable and some were not. This determination is not subject to review here, and it also acts to bar plaintiff from seeking alternate avenues of relief for the injuries found to be non-compensable under FECA. Plaintiff cannot, by labelling his claim "false imprisonment," circumvent the limited recovery allowed under FECA, and collect damages for mental humiliation—an injury not compensable under FECA—in a collateral Tort Claims suit.

Accordingly, defendant's motion to dismiss is granted.