Anna Marie LUCZYSZYN

v.

GENERAL SERVICES ADMINISTRATION, et al.

Civ. A. No. 82–4772.

United States District Court,
E.D. Pennsylvania.

June 15, 1983.

Robert Ziegler, Philadelphia, Pa., for plaintiff.

Edward T. Ellis, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

### VANARTSDALEN, District Judge.

Plaintiff, Anna Marie Luczyszyn, filed this civil action seeking compensatory and punitive damages for injuries incurred as a result of an alleged unlawful arrest and detention on June 10, 1981. At the time of the alleged incident, plaintiff was an employee of the United States Government, working at the Veterans Administration Building in Philadelphia, Pennsylvania. Count I of the complaint asserts a claim against the General Services Administration and jurisdiction is invoked under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 and 28 U.S.C. § 1346. Count II of the complaint asserts a claim against two security officers employed by the United States Government for violations of plaintiff's rights to liberty and due process under the fifth and fourteenth amendments to the constitution. Jurisdiction over Count II is invoked under 28 U.S.C. § 1331.

Presently before the court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In the alternative, defendants seek a stay of these proceedings to permit plaintiff to pursue her administrative remedies under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101–8151. For the reasons stated herein, defendants' motion to dismiss will be denied and defendants' application for a stay will be granted.

■ The Federal Employees Compensation Act (FECA) established a comprehensive system of workmen's compensation for federal employees. The basic statutory requirements for eligibility for FECA compensation are as follows:

(a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury *sustained while in the performance of his duty,* unless the injury or death is—

(1) caused by willful misconduct of the employee;

(2) caused by the employee's intention to bring about the injury or death of himself or of another; or

(3) caused by intoxication of the injured employee.

5 U.S.C. § 8102(a) (1976) (emphasis added). The remedy provided under FECA for a federal employee's injuries within the statute's coverage is exclusive. *Id.* § 8116(c). Therefore, unless the injuries were clearly not sustained while in the performance of the employee's duties, an injured federal employee must seek administrative relief before filing an action under the Federal Tort Claims Act. *Joyce v. United States,* 474 F.2d 215, 219 (3d Cir.1973).

■ The statute vests with the Secretary of Labor exclusive authority to administer FECA and to decide all questions arising under FECA, including eligibility for benefits. 5 U.S.C. § 8128(b). Decisions on questions under FECA made by the Secretary of Labor or his designee are not subject to judicial review by mandamus or otherwise. *Id.* In deference to such authority, the Third Circuit Court of Appeals

has held that where a "substantial question" of FECA coverage exists, federal district courts will not entertain claims under the Federal Tort Claims Act. *DiPippa v. United States,* 687 F.2d 14, 16 (3d Cir.1982); *Joyce, supra* at 219; *Somma v. United States,* 283 F.2d 149, 151 (3d Cir.1960). Other circuit courts have similarly acknowledged that a federal employee cannot file an action under the Federal Tort Claims Act if there is a "substantial question" of FECA's applicability, *Wallace v. United States,* 669 F.2d 947, 951 (4th Cir.1982); *Avasthi v. United States,* 608 F.2d 1059, 1060 (5th Cir.1979); *Reep v. United States,* 557 F.2d 204, 207 (9th Cir.1977), or unless the injuries are "clearly not compensable" under FECA. *Daniels-Lumley v. United States,* 306 F.2d 769, 771 (D.C.Cir.1962).

The question presented by the defendants' motion is, therefore, whether there exists a substantial question of FECA coverage of the alleged injuries sustained by the plaintiff. In *DiPippa,* an action involving a federal employee seeking to recover for injuries incurred as a result of her voluntary participation in the swine flu inoculation program, the Third Circuit Court of Appeals stated that a substantial question exists *unless* it is "certain that the [Secretary of Labor] would find no coverage." *DiPippa, supra* at 16 (*citing Concordia v. United States Postal Service,* 581 F.2d 439, 442–43 (5th Cir.1978)). It would seem to follow that if the facts alleged in this action could in any way raise the spectre of FECA coverage, then this court must defer to the Secretary to make a determination of FECA's applicability in the first instance.

To determine whether plaintiff's claim presents a substantial question of FECA coverage, a variety of factors may be considered. Courts have uniformly rejected the so-called "premises rule," which limited the court's inquiry essentially to whether the employee was injured at the federal work place, in favor of an examination of the totality of circumstances surrounding the federal employee's injuries. *See Avasthi, supra* at 1061; *Bailey v. United States,* 451 F.2d 963, 966 (5th Cir.1971); *United States v. Udy,* 381 F.2d 455, 456 (10th Cir.

1967); *United States v. Browning,* 359 F.2d 937, 939–40 (10th Cir.1966). Under this test, the place of the occurrence of the federal employee's injury is but one factor for the court to consider. The crux of the analysis appears to be whether the obligations or conditions of the plaintiff's employment created a "special zone of danger" that resulted in the injury. *Cf. O'Leary v. Brown-Pacific-Maxon, Inc.,* 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951) (special zone of danger test applied to determine coverage by the Longshoreman's and Harbor Worker's Compensation Act).

In *Dunn v. United States,* 516 F.Supp. 1373 (E.D. Pa.1981), plaintiff, a federal employee, filed an action under the Federal Tort Claims Act to recover damages for the humiliation and mental suffering allegedly the result of certain actions taken by law enforcement personnel of the United States. Plaintiff alleged that, while on duty at the United States Mint, he was accused of stealing, detained and interrogated by government employees. Prior to filing his claim under the Federal Torts Claim Act, plaintiff first filed a claim for benefits under FECA. Judge Pollak stayed the Federal Torts Claim Act action pending the resolution of the plaintiff's FECA claim. Ultimately, the Secretary of Labor sustained plaintiff's FECA claim and directed compensation for certain compensable injuries.

Although this action is factually distinguishable in that the plaintiff has never made an application for FECA benefits, the circumstances surrounding the plaintiff's injuries in this action are similar to the *Dunn* case. The plaintiff has alleged that on June 10, 1981, while she was an employee of the United States Government, she incurred injury and damage as a result of acts committed by defendants John Stenton and Louis Stewart, security officers employed by defendant General Services Administration. As in *Dunn,* the plaintiff has alleged that an unlawful detention by federal officers, on federal property, during plaintiff's normal working hours has caused her physical injury and serious mental dis-

tress. Plaintiff further alleges that her injuries were caused by defendants' negligence, consisting, *inter alia,* of the failure to exercise due care under the circumstances, the use of excessive force and the use of improper and abusive authority.

Upon consideration of the facts and circumstances giving rise to plaintiff's injuries, it is my conclusion that there is a substantial question of FECA coverage. More specifically, I cannot say with certainty that the Secretary would find no coverage where a federal employee is unlawfully detained by federal officers, on federal property, in a conference room adjacent to the employee's work place, during normal working hours. I do not consider the fact that the unlawful detention may have continued outside of the Veteran's Administration Building where the plaintiff was employed to weigh heavily against FECA coverage.

It is necessary to reiterate that I am not determining that plaintiff's injuries are compensable under FECA. That is a decision which must be made by the Secretary of Labor or his designee. My conclusion that the facts alleged are sufficient to suggest a substantial question of FECA coverage merely recognizes the Secretary's right to make such a determination of FECA coverage in the first instance.

The Third Circuit Court of Appeals stated in *Joyce, supra,* that "once that issue [of FECA coverage] was raised, the district court had no discretion to proceed to a final adjudication of the cause of action without first requiring the plaintiff to complete the processing of his administrative claim under the FECA." However, the court has cautioned that to avoid statute of limitations' problems, the district court should stay proceedings until the Secretary of Labor resolves the question of FECA coverage. *DiPippa, supra* at 20. Accordingly, I will deny the defendants' motion to dismiss and grant defendants' application for a stay pending submission of plaintiff's claim to the Secretary of Labor or his designee.

Finally, defendants have moved to dismiss plaintiff's claim against the individual security officers who allegedly unlawfully arrested and detained the plaintiff. It is defendants' contention that plaintiff's right to seek damages from federal officers for constitutional violations recognized in *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) and *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) can be defeated because of the existence of an adequate remedy under FECA to compensate for plaintiff's injuries. Defendants further argue that the complex employment relationship between the plaintiff and the federal government "counsels hesitation in recognizing a constitutional cause of action in the absence of affirmative action by Congress." *Bush v. Lucas,* 647 F.2d 573, 577 (5th Cir.1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 3481, 73 L.Ed.2d 1365 (1982). Defendants' position in this regard presupposes that plaintiff's injuries are compensable under FECA. Since the applicability of FECA coverage has yet to be determined, I will defer any ruling on defendants' motion as to plaintiff's claim against the individual officers pending a determination of FECA coverage.

### ORDER

Upon consideration of the defendants' motion to dismiss or in the alternative to stay proceedings in Civil Action No. 82–4772 and the memorandum in support thereof, and upon consideration of the plaintiff's response in opposition thereto, it is ordered that the defendants' motion to dismiss is denied and the defendants' motion to stay these proceedings pending the outcome of proceedings under the Federal Employees Compensation Act is granted. In the event plaintiff fails to file a claim under the Federal Employees Compensation Act within forty-five (45) days from the date of this order, this action shall be subject to dismissal. Counsel shall advise the court in writing promptly upon a final decision herein rendered by the Secretary of Labor on the claim under the Federal Employees Compensation Act.