Emma REYNOLDS, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 83–3696.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1984.

Paul J. Galuszka, Raymond S. Steib, Jr., New Orleans, La., for plaintiff-appellant.

John P. Volz, U.S. Atty., Harry P. Pastuszek, Jr., S. Mark Gallinghouse, Asst. U.S. Attys., New Orleans, La., for defendant-appellee.

Before GEE, WILLIAMS, and JOLLY, Circuit Judges.

GEE, Circuit Judge:

Emma Reynolds fell into a manhole on August 10, 1981. The manhole belonged to the Sewerage and Water Board of the City of New Orleans (City); the United States Veterans Administration (VA) was doing construction work around it. On April 22, 1982, Ms. Reynolds filed an administrative claim against the VA for injuries allegedly suffered in the fall. She filed a Federal Tort Claims Act (FTCA) suit in the United States District Court for the Eastern Dis-

trict of Louisiana against the United States (Government) and the City on August 10, 1982. The VA sent Ms. Reynolds notice of denial of her claim on October 22, 1982. On May 31, 1983, the district court granted the Government's motion to dismiss for lack of subject matter jurisdiction. With the Court's permission, Ms. Reynolds filed an amended, supplemental complaint on June 13, 1983. The district court granted the Government's motion to dismiss Ms. Reynolds' amended complaint for lack of subject matter jurisdiction and entered judgment for the Government. This judgment became final November 17, 1983, and from it Ms. Reynolds appeals.

Two statutory provisions govern this case. They are 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a). They provide in pertinent part as follows:

### § 2401. Time for commencing action against United States

   *  *  *  *  *  *

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

### § 2675. Disposition by federal agency as prerequisite; evidence

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed

a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

Under these two provisions, one who wishes to bring an action against the government pursuant to the FTCA must first present an administrative claim to the appropriate federal agency. No action may be brought against the government until that agency has finally denied the claim in writing. Once the agency's final, written denial has been sent to the claimant, the claimant has six months within which to bring his FTCA action against the government. Unless he does so, his action is forever barred.

■ The district court dismissed Ms. Reynolds' first complaint because she filed it before the VA sent her written notice of final denial of her claim. The court was clearly required to do so by the foregoing provisions, which are entirely unambiguous; it had no subject matter jurisdiction. We so held in *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir.1981):

Although appellants have filed an administrative claim for relief against the FDIC as required by the FTCA, they concede they did not await the required six month period prior to bringing this action, nor was there the required formal denial. Lacking jurisdiction, the district court was required to dismiss the suit against the United States. *Sparks v. Wyeth Laboratories, Inc.*, 431 F.Supp. 411 (W.D.Okla.1977).... Waivers of sovereign immunity must be strictly construed. Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed.

*Id.* at 204 (footnote omitted). *Gregory* is in accord with the general rule that suits against the government under the FTCA must be filed in strict compliance with its provisions. *See, e.g., Goff v. United States,* 659 F.2d 560, 561–62 (5th Cir.1981) (well established that time limitations en-

acted by Congress in statutes waiving government immunity to be strictly construed in favor of government); *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir.1971) (exact compliance with terms is condition precedent to FTCA suit); *Gallion v. United States*, 389 F.2d 522, 524 (5th Cir.1968) (prescribed period after agency's denial of claim in which FTCA suit must be brought is substantial jurisdictional requirement).

Ms. Reynolds argues that the trial court erred in dismissing her complaint as prematurely filed because she did not properly serve defendants until April 21, 1983, the day before the end of the six-month limitation period. This argument is frivolous. No authority supports the proposition that the defects of a prematurely filed complaint may be cured by dilatory service.[1]

▮ Ms. Reynolds filed an amended complaint on June 13, 1983, the relevant limitations period having ended April 22, 1983. She now contends that the district court erred in dismissing the amended complaint because it should have "related back" under Rule 15(c), Fed.R.Civ.P., to the date on which she properly served defendants. It is unnecessary to look to the case law to deal with this argument. Rule 15(c) states in pertinent part that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the *date of the original pleading.*" (emphasis added). The date of Ms. Reynolds' original pleading was August 10, 1982; Rule 15(c) gave the district court no authority to relate Ms. Reynolds' amended complaint back to any date except August 10, 1982. On that date the court lacked subject matter jurisdiction of Ms. Reynolds' claim. Her amended complaint was therefore properly dismissed for lack of subject matter jurisdiction. Filed on a date on which the court lacked jurisdiction, it related back to a date on which the court also lacked jurisdiction. The district court's dismissal of Ms. Reynolds' complaints must be

AFFIRMED.

---

1. *Bates v. United States*, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020 (1938), is not on point. The plain meaning of *Bates* is that once jurisdiction has been properly established by the filing of a complaint within the limitations period, that jurisdiction will not be destroyed by service obtained diligently but a few days after the end of the limitations period. Dicta in *Bates* may suggest that lack of diligence in obtaining service could destroy jurisdiction; it in no way suggests that jurisdiction could be *created* through lack of diligence in obtaining service.