485 So.2d 293 (1986)
Arvett LEE (Formerly Arvett Baker)
v.
COAHOMA OPPORTUNITIES, INC.
No. 56803.
Supreme Court of Mississippi.
March 19, 1986.
*294 Walter W. Thompson, J. Walker Sims, Clarksdale, for appellant.
M. Lee Graves, Clarksdale, for appellee.
Before WALKER, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:
Plaintiff, Arvett Lee (formerly Arvett Baker), has been a longtime employee of the Defendant, Coahoma Opportunities, Inc. She filed her complaint in the County Court of Coahoma County stating several claims said to arise out of her employment contract. Specifically, Lee sought modest monetary sums claimed to be owing to her, alleged to arise out of unreimbursed travel expenses, together with an injunction that Coahoma Opportunities promote her to the position of parent activity worker. The matter was transferred to the Chancery Court of Coahoma County, Mississippi, which on August 2, 1985, entered judgment in Lee's favor on her claim for monetary relief in the amount of $79.30 but then held it was without jurisdiction of her promotion claim  set out in Counts II through IV of the complaint. This latter ruling is the subject of Lee's appeal here.
There can be no doubt but that one may have a valid and enforceable agreement with one's employer to the effect that certain promotional opportunities will be forthcoming upon the occurrence of certain specified contingencies. Among the remedies our law affords such employees is a court issued directive that the employer abide by its bargain, that is, in appropriate circumstances our courts may order specific performance. In this sense, Lee certainly presents a colorable claim of a violation of her rights and for relief.
If we correctly perceive the less than adequate record before us, the Chancery Court nevertheless dismissed the claim in question for lack of jurisdiction, subject matter variety. In doing so it overlooked the fact that the presence of such jurisdiction turns upon the well pleaded allegations of the complaint which are taken as true. American Fire Insurance Co. v. Athens Stove Works, Inc., 481 So.2d 292, 296 (Miss. 1985); Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290 (Miss. 1985). Where the plaintiff presents a colorable claim for relief, a claim of a type within the general subject matter jurisdiction of the court, the court acquires authority to hear all proceedings respecting it  whether the complaint states a claim upon which relief can be granted, whether the claim can survive a motion for summary judgment, on through trial and post-trial proceedings. See Penrod Drilling Co. v. Bounds, 433 So.2d 916, 924-25 (Miss. 1983) (Robertson, J., concurring). A claim for specific performance of a contract of employment plus attendant injunctive relief is well within the jurisdiction of the county court on its equity side, see Miss. Code Ann. § 9-9-21(1) (Supp. 1985), and within the jurisdiction of *295 the chancery court as well. See Miss. Const. art. 6, § 159(a) (1890); Miss. Code Ann. § 9-5-81 (1972).
Throughout this record, there are numerous suggestions and innuendos about differing defenses Coahoma Opportunities may have  failure to exhaust in-house remedies, failure to state a claim upon which relief can be granted, federal preemption, and the like. No ruling was made on these claims in the court below and hence those matters are not before us. Those are questions with respect to which we intend this day to give not the slightest hint of how they might and ought be decided.
Restricting ourselves to the assignment of error before us, we hold that the Lee's complaint, and particularly Counts II, III and IV thereof, present a colorable claim adjudication of all substantive and procedural aspects of which is a matter within the subject matter jurisdiction of the Chancery Court of Coahoma County, Mississippi. And further this Court sayeth naught.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.