Roby E. EURE, Plaintiff,

v.

UNITED STATES POSTAL SERVICE
and United States of America,
Defendants.

Robert CARLISLE, Jr., Plaintiff,

v.

UNITED STATES POSTAL SERVICE
and United States of America,
Defendants.

Civ. A. Nos. H86–0066(W), H86–0226(W), H86–0070(W), and H86–0225(W).

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Jan. 24, 1989.

Kim T. Chaze, Hattiesburg, Miss., for plaintiffs.

Steven Graben, Asst. U.S. Atty., Biloxi, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court for its considerations are motions to dismiss in the above causes pursuant to Rules 12(b)(1), (6), and (7) of the Federal Rules of Civil Procedure. On September 9, 1988, this court converted these motions to motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Having thoroughly reviewed all pleadings and memoranda submitted by the parties, this court hereby makes the following findings and conclusions.

The following issues frame the focus of this court's examination:

1. Whether it is proper for plaintiffs to name the United States Postal Ser-

vice as defendant, or whether the United States of America should be properly joined and named as a defendant herein;

2. Whether the plaintiffs are prosecuting claims which "sound in tort" and are thereby required to meet the dictates of the Federal Tort Claims Act;

3. Whether the plaintiffs may maintain a federal constitutional tort cause of action against the defendants;

4. Whether plaintiffs may amend their complaints to name certain individual federal officials;

5. Whether plaintiffs' claims are barred by the applicable statute of limitations; and

6. Whether the plaintiffs, as former employees of the United States Postal Service, are bound by the exclusivity provisions of the Federal Employees' Compensation Act.

Consolidated for trial pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Uniform Local Rule 5, these cases urge similar factual circumstances and implicate the same juridical concerns.

### Roby E. Eure

Plaintiff Eure brought an action (H86–0066/Eure I) against the Postal Service, his employer, on April 4, 1986, in which he alleged that the Postal Service had negligently failed to reasonably prevent its employees from "humiliating and/or harassing" the plaintiff; that such humiliation and harassment had caused the plaintiff physical pain and suffering, mental duress, and emotional anxiety which eventually compelled plaintiff's "constructive discharge and 'disability' retirement on April 9, 1984;" that the Postal Service, by and through its employees, had intentionally inflicted this mental anxiety and emotional distress upon plaintiff; and that the conduct of the Postal Service's employees was so against public policy that "equitable relief is in order." [1]

Subsequently, the plaintiff amended his complaint and alleged a federal constitutional tort. By this cause of action plaintiff charges that his First Amendment rights, his right of privacy, his right to substantive and procedural due process regarding his property interest in his employment, and his Fifth Amendment right of equal protection were all violated by employees of the Postal Service.

Plaintiff Eure then filed a separate but virtually identical cause of action (H86–0226/Eure II) against the United States as defendant on November 17, 1986. Clearly, this case, which realleged all the claims of H86–0066 (Eure I), including the federal constitutional claims, was filed as a band-aid to cover a sore spot in the initially filed case (H86–0066/Eure I) concerning exhaustion of administrative remedies. Prior to this second action being filed, plaintiff Eure exhausted his administrative remedies when he filed his administrative claim on May 6, 1986.

### Robert Carlisle, Jr.

Plaintiff Carlisle brought essentially the same initial cause of action (H86–0070/Carlisle I) as Eure against the United States Postal Service on April 11, 1986. Carlisle also alleged that the Postal Service negligently failed to reasonably prevent the "humiliating and/or harassing" conduct of the Postal Service's employees and that this conduct caused plaintiff Carlisle physical pain and suffering, mental distress, and emotional anxiety. The principal difference between Carlisle's case and that of Eure's is that Carlisle did not allege constructive discharge from his job, since Carlisle did not resign from employment until March, 1988. Plaintiff Carlisle also points out that he was a representative of the postal workers' union.

Just as plaintiff Eure, Carlisle subsequently amended his complaint to allege a federal constitutional tort cause of action. And, as had Eure, Carlisle exhausted his administrative remedies by filing a claim

---

1. Plaintiff, however, does not state with any degree of particularity just what sort of "equitable relief" he is seeking.

with the Postal Service on May 6, 1986. Thereafter, Carlisle filed a second action (H86–0225/Carlisle II) on November 17, 1986. This second action named the United States of America as defendant and contained virtually the same claims as the first.

### United States Postal Service as Defendant

The question is whether the first actions filed by Eure and Carlisle, H86–0066/Eure I and H86–0070/Carlisle I, respectively, are sufficiently pled in order that relief may be granted without the inclusion of the United States as a party, or whether the naming alone of the United States Postal Service is sufficient.

■ Section 401(1), Title 39, United States Code, provides that the Postal Service is empowered "to sue and be sued in its official name." [2] Hence, this statutory waiver of sovereign immunity indicates that when Congress "launched [the Postal Service] into the commercial world," it made the agency just as amenable to suit as any private sector business. *Franchise Tax Board of California v. United States Postal Service*, 467 U.S. 512, 518, 104 S.Ct. 2549, 2553, 81 L.Ed.2d 446 (1984). Additionally, such sue-and-be-sued clauses are liberally construed. 467 U.S. at 520, 104 S.Ct. at 2554. The presumption therefore is that the Postal Service is amenable to suit and is a proper defendant. *Id.* Therefore, as to defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and (7) regarding this issue, the motion is denied.

### Application of the Federal Tort Claims Act

A review of plaintiffs' complaints and amended complaints indicate that the averments are wholly void of any claims other than allegations which express some form of tortious conduct on the part of the Postal Service and its employees. [3] Although plaintiff Eure speaks of a "constructive discharge," there are no pleadings pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* [4] Also, plaintiff Carlisle speaks of his position as a union representative but seeks no relief under the Labor Management Relations Act, 29 U.S.C. § 158. So, plaintiffs' remonstrations sound in tort, since the gist of the allegations charges intentional conduct by the defendants and their agents.

Essentially being tort actions, plaintiffs' complaints attacking the Postal Service must be viewed under the gaze of the Federal Tort Claims Act (FTCA). Resort to the Postal Reorganization Act of 1970, Pub.L. 91–375, 84 Stat. 719 (now codified in 39 U.S.C.), explains why. Section 409(c), Title 39 U.S.C., part of the 1970 Act instructs that the provisions of the FTCA shall apply to tort claims arising out of activities of the Postal Service. *Insurance Company of North America v. United States Postal Service*, 675 F.2d 756, 757 (5th Cir.1982); *Franchise Tax Board of California v. United States Postal Service*, 467 U.S. at 518–19, 104 S.Ct. at 2553; *Grasso v. United States Postal Service*, 438 F.Supp. 1231, 1236–37 (D.Conn.1977). Although 28 U.S.C. § 1346(b) of the FTCA permits lawsuits for money damages for claims involving "injury or loss of property,

---

**2.** Note that Congress has also empowered the Postal Service "to settle and compromise claims by or against it." 39 U.S.C. § 401(8).

**3.** Note that in the plaintiffs' amended complaint and in their briefs, they alternatively seek jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2). However, since plaintiffs' averments "sound in tort," plaintiffs' causes fail to fall within the scope of this provision. *See Grasso v. United States Postal Service*, 438 F.Supp. 1231, 1234 (D.Conn.1977).

**4.** Note also that although plaintiffs' amended complaints speak of the plaintiffs' age, no allegations are made under the Age Discrimination

in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Plaintiffs also claim harassment, humiliation, and damages to reputation which can be interpreted to mean nothing more than libel or slander. Libel and slander are excluded from coverage under the FTCA, and damages for such conduct may not be awarded. 28 U.S.C. § 2680(h). Furthermore, plaintiff advances no claims for breach of any employment contract. *See, e.g., Lee v. Coahoma Opportunities, Inc.*, 485 So.2d 293 (Miss.1986); *Landry v. Moody Grishman Agency, Inc.*, 254 Miss. 363, 181 So.2d 134 (1965).

or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment ...," Section 2675(a) of the FTCA bars suit against a federal agency unless the claimant first has filed a claim with the agency.

Regarding the first *Eure* and *Carlisle* cases (H86–0066/Eure I and H86–0070/Carlisle I respectively) against the Postal Service, it is clear that plaintiffs filed suit before any claim was made with the agency. Plaintiffs' counsel even admitted as much at oral argument. This admission is evident since Eure filed suit on April 4, 1986, and Carlisle filed suit on April 11, 1986. Their claim letters were not presented to the Postal Service until May 6, 1986.

Plaintiffs argue that the complaints themselves served as written notification of a claim. If this argument were true, the simple filing of a lawsuit would effectively circumvent the FTCA procedural prerequisite. The statute's language is plain: "an action shall *not* be instituted against the United States ..., unless the claimant shall have *first* presented the claim to the appropriate Federal agency...." 28 U.S.C. § 2675(a). Accordingly, no subject matter jurisdiction is conferred upon this court. *Reynolds v. United States,* 748 F.2d 291, 292–93 (5th Cir.1984). Consequently, plaintiff Eure's first suit (H86–0066/Eure I) and plaintiff Carlisle's first suit (H86–0070/Carlisle I) are dismissed for failure to comply with the dictates of 28 U.S.C. § 2675(a).[5]

Defendants also campaign for the dismissal of the two remaining lawsuits, cause numbers H86–0226 (Eure II) and H86–0225 (Carlisle II). Defendants contend that plaintiffs' federal constitutional tort claims lack juridical basis, while the remaining FTCA claims are barred by the FTCA statute of limitations. Plaintiffs' arguments to the contrary aside, the court is convinced that plaintiffs' federal constitutional tort claims are not cognizable. Further, the court is persuaded that Eure's complaint in H86–0226 (Eure II) is time-barred. The reasoning employed by the court is set out below.

### Plaintiffs' Federal Constitutional Tort Claims

Both plaintiffs assert claims for violation of their federal constitutional rights under the First Amendment, their rights of privacy under the penumbra of the Bill of Rights, and their equal protection rights under the Fifth Amendment. They allege that the violations occurred as a result of the Postal Service's failure to restrain its employees from engaging in the charged offensive conduct.

Plaintiffs' claims would have vitality only if relative to these federal constitutional claims the United States has waived its sovereign immunity. The United States has not done so in this instance. Although the Postal Reorganization Act of 1970, specifically 39 U.S.C. § 401(1), authorizes the United States Postal Service "to sue and be sued in its own name," this Act does not completely eviscerate sovereign immunity. Rather, 39 U.S.C. § 409(c)[6] of the Act restricts this waiver to tort claims cognizable under the FTCA. *Insurance Company of North America v. United States Postal Service,* 675 F.2d 756, 758 (5th Cir.1982).

5. Any argument that these claims are rescued by subsequent amendments alleging constitutional torts, or by a consolidation with the later filed suits is debunked by *Reynolds v. United States,* 748 F.2d 291 (5th Cir.1984). In that case, the plaintiff did not wait the requisite six months for a final denial of her claim by the federal agency before she instituted her lawsuit against the government. *Id.* at 292. The district court dismissed the suit for lack of subject matter jurisdiction. Following a final decision of the agency, plaintiff amended her complaint. However, the statute of limitations period had run. *Id.* at 293. The Fifth Circuit explicitly rejected plaintiff's argument that the amended complaint related back to the original pleading. Instead, the court held that since the first complaint was filed prematurely, the District Court had no subject matter jurisdiction, and subsequent amendments could not cure the original jurisdictional defects.

6. Section 409(c) of Title 39, United States Code, provides:

The provisions of chapter 171 [the FTCA] and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service.

**1370**

However, the FTCA waives the sovereign immunity of the United States for the tortious acts of its employees only "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Accordingly, the tort action against the United States must be cognizable in accordance with "the law of the place" (local law). *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir.1986); *Keene Corp. v. United States*, 700 F.2d 836, 845 n. 13 (2nd Cir. 1983); *Brown v. United States*, 653 F.2d 196, 201 (5th Cir.1981). But, federal constitutional torts are not included within "the law of the place" since local law and federal law by definition and terminology are different. The FTCA, then, does not waive sovereign immunity for these federal constitutional torts. Thus, this court has no subject matter jurisdiction over these claims against the United States Postal Service. *McCollum*, 794 F.2d at 608; *Brown*, 653 F.2d at 201; *Birnbaum v. United States*, 588 F.2d 319, 327–28 (2nd Cir.1978). *See also White v. Franklin*, 637 F.Supp. 601, 613–14 (N.D.Miss.1986); *Bosco v. United States Army Corps of Engineers*, 611 F.Supp. 449, 455 (N.D.Tex.1985).

Therefore, this court dismisses plaintiffs' constitutional tort claims against the defendants, United States of America and the United States Postal Service, in cause numbers H86–0226 (Eure II) and H86–0225 (Carlisle II).[7]

### Plaintiffs' Motion to Amend

■ Seeking to sidestep the above disposal of the constitutional claims and now recognizing that they may only maintain their constitutional tort actions against individual federal officers and not the United States,[8] plaintiffs have offered to amend their complaints to name certain individual officials of the Postal Service as defendants. This court is keenly aware that

amendment of pleadings should be "freely given when justice so requires," Fed.R.Civ. P. 15(a). Here, justice does not urge the requested amendment. Plaintiffs' federal constitutional claims are susceptible to further fatal attack, even if the amendment be allowed. Since plaintiffs as federal employees had access to an alternative remedial system, specifically the Postal Service Collective Bargaining Agreements recognized at 39 U.S.C. § 1206(b), plaintiffs are precluded from maintaining these federal constitutional torts. Consequently, plaintiffs' motion to amend will be and is denied.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized the federal constitutional tort. There, the court reasoned that an individual may recover damages for injuries sustained as a result of the violation by federal officials of an individual's Fourth Amendment right against unreasonable searches and seizures. But, the court further reasoned that this doctrine has limitations. The court held that the Constitution may provide a cause of action for damages against federal officials, except when Congress has established an alternative remedy and has indicated, either explicitly or implicitly, that the constitutional claim should not be recognized.[9] Persuaded by this wisdom, in *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court held that the plaintiff, a federal employee, could not maintain a First Amendment constitutional claim against his supervisor since the claim for relief arose out of an employment relationship governed by procedural and substantive administrative provisions that established an effective remedy for constitutional violations by the government. The comprehensive remedial scheme there was the federal civil service laws.

---

7. The court has already dismissed causes H86–0066 (Eure I) and H86–0070 (Carlisle I) for failure to comply with 28 U.S.C. § 2675(a). If these lawsuits were still before the court, the federal constitutional claims contained in those lawsuits would be dismissed also.

8. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395–97, 91 S.Ct. 1999, 2004–05, 29 L.Ed.2d 619 (1971).

9. 403 U.S. at 396–97, 91 S.Ct. at 2005.

The Eleventh Circuit in *McCollum v. Bolger,* 794 F.2d 602, 607 (11th Cir.1986), when confronted with federal constitutional claims, followed the directives of *Bivens* and *Bush* and held that the plaintiff's federal constitutional claims under the First and Fifth Amendments could not be maintained because plaintiff, a federal employee, had resort to the grievance provisions in the Postal Service Collective Bargaining Agreements, 39 U.S.C. § 1206(b). The court stated:

> It is clear that the grievance system is different from, and may provide less protection than, the civil service remedies. This fact is irrelevant, however. Our only concern is whether the grievance system "offers an adequate measure of relief." The Union's authority to decide whether to appeal an adverse ruling is not dispositive because the Union has a duty to represent employees fairly and liability will attach should it fail to do so. We agree with the Seventh Circuit's decision in *Ellis v. United States Postal Service* [784 F.2d 835 (7th Cir.1985) ], in which the court concluded that it was unable to discern "how the means for redressing grievances in the Postal Service are markedly less adequate or less comprehensive than the civil service remedies in *Bush.*" The court held that the multi-step grievance procedure is constitutionally sufficient. Charlene McCollum had access to this system and, therefore, she may not maintain a constitutional tort action against her supervisor, Postmaster Howard.

As in *McCollum v. Bolger, supra,* the plaintiffs *sub judice* have at their disposal a multi-step system for processing employee grievances. Defendants have submitted an affidavit establishing that plaintiff Eure is a member of the American Postal Workers Union (APWU) and that at all relevant times the APWU and the Postal Service had in effect a collective bargaining agreement which provided the grievance procedure. Eure has not refuted this assertion. Neither has plaintiff Carlisle, who on the face of his complaint, states that during his employment he has been a union representative, including holding the positions of President and Vice–President of the local unions. [Carlisle II complaint at paragraph 7].

So, because plaintiffs in their positions as federal employees of the Postal Service had access to the Congressionally approved grievance procedure of the collective bargaining agreement, then it follows that plaintiffs may not maintain their federal constitutional claims against the certain named individual Postal Service officials. Therefore, plaintiffs' motion to amend is denied.[10]

### Statute of Limitations

With the dismissal of the constitutional claims, the sole remaining claims in cause numbers H86–0226 (Eure II) and H86–0225 (Carlisle II) are the FTCA claims. Defendants assert that these claims, too, should be dismissed since the statute of limitations has run on them.

Section 2401(b) of Title 28, United States Code, provides that:

> A tort claim against the United States shall be forever barred *unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it is presented. [Emphasis added].

10. Plaintiffs' federal constitutional claims also may have statute of limitations problems. In *United Klans of America v. McGovern,* 621 F.2d 152 (5th Cir.1980); *Alford v. United States,* 693 F.2d 498 (5th Cir.1982); and *Gaspard v. United States,* 713 F.2d 1097 (5th Cir.1983), the Fifth Circuit held that federal constitutional claims are controlled by the most analogous statute of limitations of the forum state which addresses injury to persons or rights of another. Seemingly, in Mississippi, § 15–1–35 of the Mississippi Code, 1972, a one-year statute of limitation, would be the appropriate one, since § 15–1–35 governs the prescriptive period for intentional torts. Lending support to this conclusion is the case of *Gates v. Spinks,* 771 F.2d 916 (5th Cir. 1985), where the court determined that § 15–1–35 was the most analogous Mississippi statute for 42 U.S.C. § 1983 claims, as such claims are rooted in intentional torts.

Although state law governs issues of liability in suits brought under the FTCA, *Brooks v. United States*, 695 F.2d 984, 987 (5th Cir.1983), federal law fixes the date upon which the federal tort claims period begins to run. *Quinton v. United States*, 304 F.2d 234, 235 (5th Cir.1962). In short, this two-year period begins to run when the plaintiff discovers, or, in the exercise of reasonable diligence should have discovered, the fact of the injury and its cause. *Bush v. United States*, 823 F.2d 909, 911 (5th Cir.1987); *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir.1983); *Quinton*, 304 F.2d at 235. Although in some cases a question of fact is presented as to when the alleged misconduct was or should have been discovered, in other cases the interrogatory may be decided as a matter of law when undisputed evidence establishes the time. *Mosesian v. Peat, Marwick, Mitchell & Company*, 727 F.2d 873, 877 (9th Cir.1984).

### Eure: Time Barred

■ Plaintiff Eure claims that he was constructively discharged on April 9, 1984. He presented an administrative claim in writing to the Postal Service on May 6, 1986, and filed cause number H86–0226 (Eure II) on November 17, 1986. Clearly, more than two years elapsed from the time of the alleged constructive discharge to the filing of the administrative claim, a circumstance which violates § 2401(b). Contesting this conclusion, Eure asserts that the prescriptive clock did not begin to tick until August 9, 1984, on the theory that although he resigned on April 9, 1984, his resignation was not accepted until August 9, 1984. Further, Eure suggests that since he was not paid retirement disability monies until October of 1984, that the onset of the prescriptive period should be moved back to that date.

This court is completely unconvinced by this argument. It is undisputed and even admitted by Eure's counsel that the plaintiff did not work after April 9, 1984. No misconduct is alleged to have happened af-

ter Eure left his job. No claim is based on post-employment events. Instead, Eure's claim seeks damages from the date of the alleged constructive discharge of April 9, 1984. Consequently, as a matter of law, this court holds that Eure discovered or should have discovered the alleged misconduct by April 9, 1984. Since the alleged misconduct happened more than two years prior to May 6, 1986 (the date when he presented his claim to the Postal Service), plaintiff Eure's claim in H86–0226 (Eure II) under the FTCA is time barred. 28 U.S.C. § 2401(b). *Mosesian*, 727 F.2d at 877.

### Carlisle: Viable

■ Plaintiff Carlisle seeks redress for injuries sustained between 1981 and his eventual resignation in March, 1988. The federal defendants concede that any alleged misconduct that occurred in the two-year period immediately preceding May 6, 1986, are viable claims. The court agrees. So, defendants' motion to dismiss Carlisle's claims in cause number H86–0225 (Carlisle II) is denied relative to those claims under the FTCA falling within the two-year period immediately preceding May 6, 1986.

### Federal Employees' Compensation Act

With the dismissal of H86–0066 (Eure I), H86–0070 (Carlisle I), all the claims in H86–0226 (Eure II) and the constitutional torts in H86–0225 (Carlisle II), the sole matters remaining before the court are those arising under the FTCA in H86–0225 (Carlisle II), which have survived defendants' attack under the statute of limitations. However, defendants urge yet another assault upon the FTCA claims in H86–0225 (Carlisle II). Defendants contend that these allegations should be dismissed or stayed pursuant to the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.*[11] This court agrees that these issues under the FTCA should be held in abeyance pending determination by the Secretary of Labor whether these matters are covered by the FECA.

---

11. Section 8121 of Title 5, United States Code, provides that claims of federal employees are to be presented to the Secretary of Labor.

A substitute for the tort suit, the FECA is a workmens' compensation statute which provides recovery to an employee injured in the performance of his duty. Pursuant to 5 U.S.C. § 8173, the remedy thereunder is exclusive. The Secretary of Labor is vested with the power to decide all questions arising under the FECA and his action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law. 5 U.S.C. § 8128. In *Bailey v. United States, Through Department of Army*, 451 F.2d 963, 965 (5th Cir.1971), the court elaborated on these matters:

> It is readily apparent that the injured federal employee may not bring an action against the United States under the Federal Tort Claims Act, supra, when there is a substantial question as to whether or not the injury occurred in the performance of the employee's duty. *Somma v. United States*, 3 Cir.1960, 283 F.2d 149. Before such an action may be maintained, the employee must first seek and be denied relief by the Secretary of Labor, acting in his capacity as administrator of the FECA. On the other hand, if no substantial question of FECA coverage is presented, the employee may prosecute his tort claim without first applying to the Secretary of Labor. The issue before this court, therefore, is whether the district court was correct in holding that Mrs. Bailey's injury did not raise a substantial question of coverage within the provisions of the FECA.

As above mentioned, when there is a "substantial question" as to whether there is coverage under the FECA, the court must refer the matter to the Secretary. The case of *Concordia v. United States Postal Service*, 581 F.2d 439 (5th Cir.1978), evidences this procedure. There, a federal employee sued under the FTCA for injuries suffered while working. The Court of Appeals held that the district court erred in dismissing the plaintiff's FTCA action because of the substantial question of coverage under the FECA. Rather, said the Fifth Circuit, the proper procedure is to hold in abeyance the FTCA claim, pending a determination by the Secretary of Labor of FECA coverage. 581 F.2d at 443–44. Other cases have followed similar procedural courses: *Dunn v. United States*, 516 F.Supp. 1373 (E.D.Pa.1981); *Williams v. United States*, 565 F.Supp. 59 (N.D.Miss. 1983); *Luczyszyn v. General Services Administration*, 569 F.Supp. 306 (E.D.Pa. 1983) (citing, *Bailey, supra*); *Joyce v. United States*, 474 F.2d 215 (3rd Cir.1973). Another case was dismissed outright when it was determined that the Secretary of Labor had already made the determination. *Burke v. United States*, 644 F.Supp. 566 (E.D.La.1986). *Contra, Sullivan v. United States*, 428 F.Supp. 79 (E.D.Wis.1977) (rejected in *Williams, supra* ).

■ Certain facts persuade this court that a "substantial question of coverage" here exists. The misconduct complained of allegedly was imposed upon plaintiff Carlisle by Postal Service employees, while Carlisle was on the premises of the Postal Service, where he was in the performance of his employment duties.

The only factor which counsels pause is one which concerns the FECA statute of limitations.[12] The court is concerned whether the FECA statute of limitations has run on Carlisle's claims.[13] However, this court does not presume to speak for the Secretary who it appears may waive the time limits pursuant to 5 U.S.C. § 8122(d)(3).[14]

Should the Secretary waive the statute of limitation and determine that the FECA provides the exclusive remedy for Carlisle's claimed injury, then plaintiff will be pre-

---

**12.** Section 8122(a) of Title 5, United States Code, provides that a claim for compensation for disability must be filed within three years of the injury.

**13.** Plaintiff Carlisle has alleged that he suffered injuries during the five years preceding the filing of his second complaint, on November 17, 1986. In this posture, it is difficult for this court to discern which claims arose longer than three years prior to the filing of this complaint.

**14.** This section provides that the time limitations for filing of FECA claims do not run against an individual whose failure to comply is excused by the Secretary of Labor, because of "exceptional circumstances."

cluded from further litigation of his claim in this court. Alternatively, should the Secretary determine that the FECA does not provide coverage, then plaintiff may continue the litigation of this claim. Pending the Secretary's decision, this matter will be held in abeyance.

## CONCLUSION

Based upon the foregoing reasoning, the following conclusions are made:

IT IS:

ORDERED AND ADJUDGED that the case of *Roby E. Eure v. United States Postal Service*, Civil Action No. H86–0066(W), be and the same is hereby dismissed.

ORDERED AND ADJUDGED that the case of *Robert Carlisle, Jr. v. United States Postal Service*, Civil Action No. H86–0070(W), be and the same is hereby dismissed.

ORDERED AND ADJUDGED that the case of *Roby E. Eure v. United States of America*, Civil Action No. H86–0226(W), be and the same is hereby dismissed.

IT IS FURTHER ORDERED AND ADJUDGED that the case of *Robert Carlisle, Jr. v. United States of America*, Civil Action No. H86–0225(W), be held in abeyance pending a ruling by the Secretary of Labor's Office of Workers' Compensation Programs regarding the substantial question of coverage of plaintiff's claims under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.* However, the federal constitutional claims in this case are dismissed, leaving only the FTCA claims falling within the two-year period immediately preceding May 6, 1986.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiffs' motions to amend their complaints be and the same are hereby denied.

SO ORDERED AND ADJUDGED.