**Eugenio QUEVEDO, Plaintiff,**

**v.**

**POSTMASTER, UNITED STATES POSTAL SERVICE, Defendant.**

No. 86 Civ. 2690 (JFK).

United States District Court,
S.D. New York.

March 10, 1989.

Baumrin, Galub and Volkomer, New York City, for plaintiff; Walter E. Volkomer, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., for defendant; Gabriel W. Gorenstein, Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

KEENAN, District Judge.

### BACKGROUND

Eugene Quevedo brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, seeking money damages and legal fees for injuries he allegedly suffered as a result of assault and battery, false arrest, false imprisonment and malicious prosecution. By agreement of the parties, the action was stayed and in September 1986 plaintiff filed a claim with the United States Department of Labor seeking recovery for the above injuries under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101 *et seq.*

The Department of Labor's Office of Workers' Compensation Programs ("OWCP") rejected plaintiff's FECA claim on March 2, 1987 based on insufficiency of medical proof. Plaintiff's request for reconsideration was granted and a decision on the merits was rendered on December 18, 1987. *See* Declaration of Walter E. Volkomer, Exhibit B ("FECA Decision"). The OWCP vacated its first order and found that the injuries occurred in the performance of plaintiff's duty as a post office employee and were covered by the FECA but that plaintiff had not claimed any period of disability, and that FECA did not provide for recovery of the damages plaintiff had claimed—physical pain and suffering, mental anguish and suffering, injury to reputation and character, shame and humiliation, legal expenses, and violations of constitutional rights. *See* FECA decision at 1–2.

Defendant, Postmaster, United States Postal Service ("Postal Service"), now moves for summary judgment contending that FECA determination that the incident occurred in the performance of plaintiff's duty precludes institution of a suit under FTCA or any other statute. For the rea-

sons set forth below, the motion is granted and summary judgment is entered for the defendant.

### FACTS

Plaintiff has been an employee of the United States Postal Service for more than 35 years. *See* Plaintiff's Affidavit, Exhibit A. Shortly after midnight on the morning of April 5, 1985, after plaintiff had completed his work tour for the day, he left his place of employment, the Morgan General Mail Facility in New York City. On the street in front of the post office building he was allegedly assaulted by a Postal Service police officer. Plaintiff was placed under arrest and was forceably brought into the Post Office building. He was later taken to several New York City police stations and to the New York City House of Detention. Plaintiff was imprisoned for approximately 36 hours before being released.

The Postal Service initiated a criminal prosecution, charging plaintiff with two misdemeanor crimes under the New York State Penal Law. The Postal Service terminated plaintiff's employment on May 13, 1985. The charges were dismissed by the New York Criminal Court after two hearings at which no representative of the Postal Service appeared to present evidence against plaintiff. He was reinstated to his position with the Post Office on June 25, 1985 pursuant to his attorney's negotiation of a settlement with the Postal Service.

### DISCUSSION

Federal Rule of Civil Procedure 56(c) provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing the absence of evidence which would support the nonmoving party's claim, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1984), and all inferences should be drawn

in favor of the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

### 1. *Coverage under FECA Precludes Suit under FTCA*

Plaintiff seeks review of his claim under the Federal Tort Claims Act contending that it should govern his claim since FECA provides no compensation for his alleged injuries. Pursuant to the FECA, plaintiff is precluded from bringing a claim under FTCA.

FECA is a federal worker's compensation law which was enacted to provide government employees who have sustained injuries in the course of their employment with more immediate and less expensive relief than a common-law tort action. 5 U.S.C. §§ 8101 *et seq.* FECA is an exclusive remedy, however, which precludes election of coverage under the Federal Tort Claims Act. FECA provides:

> The liability of the United States or an instrumentality thereof ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee ...

■ 5 U.S.C. § 8116(c). Thus, once the Secretary of Labor determines that an injury is within the scope of coverage of FECA, the employee may not bring an action under FTCA for that injury, even if FECA does not provide compensation for the injury. *Posegate v. United States*, 288 F.2d 11, 14 (9th Cir.1961); *Dunn v. United States*, 516 F.Supp. 1373, 1374 (E.D.Pa. 1981); *cf. Balancio v. United States*, 267 F.2d 135 (2d Cir.1959).

■ In the instant case, the Secretary determined that plaintiff's injuries were covered by FECA even though FECA provided no compensation. *See* FECA Decision 1–2. Consequently, plaintiff is barred from seeking alternate avenues of relief for his injuries which were found to be noncompensable under FECA.

### 2. *Judicial Review of the Secretary's Decision is Precluded*

Plaintiff argues that the OWCP's decision that the incident occurred during plaintiff's performance of work-related duties is contrary to fact. Judicial review of the Department of Labor's determination as to the scope of FECA coverage is foreclosed:

> The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b). FECA vests the Secretary with exclusive authority to decide all questions "arising under" the Act and his decisions regarding compensation as well as coverage are insulated from review by a court of law. *DiPippa v. United States*, 687 F.2d 14, 17 (3d Cir.1982). An adverse decision may only be appealed to the Employees Compensation Appeals Board. 5 U.S.C. § 8145; *Wallace v. United States*, 669 F.2d 947, 953 n. 7 (4th Cir.1982).

Plaintiff further argues that government employees who have sustained similar injuries in analogous circumstances have been permitted to recover damages under FTCA in federal court, citing *Bailey v. United States*, 451 F.2d 963 (5th Cir.1971) and *Martin v. United States*, 566 F.2d 895 (5th Cir.1977).

■ If there is no "substantial question" as to whether FECA covers the incident a tort plaintiff is free to institute a suit against the United States under the Federal Tort Claims Act. However, where a "substantial question" exists with respect to FECA coverage, Congress has left resolution of the question to the Department of Labor rather than the courts in order to "promote uniformity in the application of FECA." *Avasthi v. United States*, 608 F.2d 1059, 1060 (5th Cir.1979); *Reep v. United States*, 557 F.2d 204, 208 (9th Cir. 1977).

In both *Bailey, supra* and *Martin, supra* the plaintiffs specifically elected to

proceed under FTCA rather than under FECA and each court was required to consider whether there was a substantial question as to FECA coverage before turning to the merits of the plaintiff's claim under FTCA. The *Bailey* court found no substantial question as to FECA coverage and thus allowed suit under FTCA. In *Martin*, although the district court found a substantial question as to FECA coverage and dismissed for failure to exhaust administrative remedies, the Fifth Circuit reversed finding that since plaintiff's accident was not within the scope of her employment, FECA was inapplicable.

On the contrary, in the present case plaintiff, by virtue of the stay, agreed to elect to seek an initial determination as to FECA coverage from the Department of Labor. The Secretary's decision that the incident was indeed within the ambit of FECA, but that the Act provided no compensation for the specific injuries alleged, is now insulated from review by this Court and precludes suit under FTCA.

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted. Summary judgment is to be entered on behalf of the defendant and the case is ordered removed from the active docket of the Court.

SO ORDERED.