**Eugenio QUEVEDO, Plaintiff,**

v.

**POSTMASTER, UNITED STATES POSTAL SERVICE, Defendant.**

**No. 86 Civ. 2690 (JFK).**

United States District Court, S.D. New York.

Sept. 27, 1991.

Walter E. Volkomer, Baumrin, Galub and Volkomer, New York City, for plaintiff.

Gabriel W. Gorenstein, Asst. U.S. Atty., U.S. Atty., S.D.N.Y., New York City, for defendant.

## ORDER

KEENAN, District Judge:

On August 5, 1991, plaintiff filed moving papers requesting an order pursuant to Federal Rule of Civil Procedure 60(b)(6) granting him relief from this Court's March 8, 1989 grant of summary judgment in defendant's favor, 708 F.Supp. 59. By letter dated September 12, 1991, the United States Government informed the Court that it did not intend to oppose the plaintiff's motion for relief. For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

Plaintiff brought this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 *et seq.* ("FTCA"), to recover money damages for non-work-related injuries he sustained on April 5, 1985 when he was assaulted after work by a security guard employed by the U.S. Postal Service. Plaintiff, then employed as a clerk by the Postal Service, filed a claim for damages with the Postal Service soon after the incident. Because the Postal Service failed to settle the dispute within six months, plaintiff was able to initiate a lawsuit under the FTCA on April 2, 1986. The Postal Service answered, asserting that plaintiff's proper remedy was under the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.* ("FECA"). At a pre-trial conference before this Court on July 3, 1986, plaintiff agreed to stay prosecution of the action and submit the claim to the Office of Workers' Compensation Programs ("OWCP") of the U.S. Department of Labor for a ruling on whether the injuries sustained were covered under FECA; if they were so covered, plaintiff could not bring an action under the FTCA.

On September 26, 1986, plaintiff filed a workers' compensation claim with the New York office of the OWCP, which subsequently rejected the claim on the grounds that he offered insufficient medical proof. Because the OWCP made no finding on whether FECA did in fact cover the injuries in question, the parties agreed in July 1987 to suspend their cross-motions for summary judgment to permit the plaintiff

to resubmit his FECA claim to the OWCP for further consideration. On December 18, 1987, the OWCP rejected plaintiff's claim on the merits, and the Government then moved this Court for summary judgment. The motion was granted on March 8, 1989 and summary judgment was entered for the Government. The crux of the Memorandum Opinion and Order was that FECA is an exclusive remedy that precludes election of coverage under the FTCA. *See* FECA, 5 U.S.C. § 8116(c) ("The liability of the United States or an instrumentality thereof ... with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee ..."). Thus, because the Secretary of Labor had determined that plaintiff's injuries were covered by FECA even though FECA provided no compensation, this Court granted the Government's summary judgment motion because FECA barred plaintiff from bringing an action under the FTCA for those injuries. *See* Memorandum Opinion and Order, March 8, 1989, at 61.

On April 5, 1989 plaintiff filed a Notice of Appeal with the Second Circuit; the parties subsequently stipulated that the appeal would be withdrawn so that plaintiff could request a rehearing of his workers' compensation claim by the Department of Labor. He filed a request for rehearing on June 12, 1989; it was denied on January 22, 1990. Plaintiff then appealed the denial to the Employees' Compensation Appeals Board in Washington, D.C. On June 6, 1990, the Director of the Office of Workers' Compensation Programs moved the Appeals Board to set aside the denial and remand for a de novo review. On August 1, 1990, the Appeals Board set aside the denial and remanded the claim for a de novo decision. On May 23, 1991, the OWCP reversed its original position and held that plaintiff was *not* covered under FECA because the evidence did not establish that plaintiff had sustained an injury in the course of his employment. After filing a Notice of Motion with the Second Circuit to reinstate his appeal in this case, plaintiff withdrew the appeal in favor of moving this Court to relieve him from the July 3, 1989 entry of summary judgment against him.

## DISCUSSION

Plaintiff moves for relief under Federal Rule of Civil Procedure 60(b)(6), which confers broad discretion on the court to relieve a party from a final judgment or order for "any ... reason justifying relief from the operation of the judgment." A court may exercise its discretionary power under the rule whenever "appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). The Rule is properly invoked where there are "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950), or where the judgment may work an extreme and undue hardship, *see United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977), and "should be liberally construed when substantial justice will thus be served." *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir.1963); *see Dunlop v. Pan American World Airways, Inc.*, 672 F.2d 1044, 1051 (2d Cir.1982).

While the OWCP's reversing its initial determination that plaintiff's claim was covered under the FECA may not rise to the level of an "extraordinary" circumstance, the Court finds that not permitting plaintiff to present his claim under the FTCA would impose upon him an extreme and undue hardship. Such a decision would effectively give a reversed agency decision continuing legal effect, thus denying plaintiff access to the only legal remedy proper in his situation: a claim under the FTCA. Thus, this Court grants plaintiff's unopposed motion for relief from the March 8, 1989 grant of summary judgment in defendant's favor. The grant of summary judgment is vacated and this action is hereby reinstated to the active docket of this Court.

SO ORDERED.