**Tom M. BUSH, Plaintiff-Appellant,**

v.

**UNITED STATES of America, U.S. Department of State, Defendant-Appellee.**

**No. 87–2058**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1987.

Rehearing Denied Sept. 8, 1987.

Tom Bush, pro se.

Bob Wortham, U.S. Atty., Tyler, Tex., Ruth Harris Yeager, Asst. U.S. Atty., for defendant-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

In December 1985 appellant Tom M. Bush submitted a claim against the State Department of the United States for $2,000,000 in damages under the Federal Torts Claims Act (FTCA). He alleged permanent injury resulting from the Department's failure to release available records

of his employment. The government denied the claim on February 11, 1986, stating that an investigation of the Department's personnel records had produced no evidence that Bush was ever employed by the State Department.

Mr. Bush then sued the United States under the FTCA for a claimed failure of the State Department to provide proper information or reasonably available records, including medical records, from the period 1947–1949 when he was involved in field operations in Greece after World War II. He alleges that, in spite of frequent requests, the State Department has consistently declined to provide these records and that this has caused him to suffer "indignities which have overlapped into medical, social, and family life causing irrevocable injury to the plaintiff." He asserts that beginning in June 1947 he was employed by the State Department and further appears to assert that his contract of employment by the Department should be available in Washington, D.C. under the "rules created under the Administrative Procedures Act on authority granted under the Foreign Service Act of 1946." He contends that he has tried to obtain this but has only met with a "storm of protest, misinformation and stonewalling." He seeks discovery and $2,000,000 in damages.

The district court dismissed his action on August 4, 1986, granting the government's Rule 12(b)(6) motion. Following two unsuccessful motions for reconsideration, a timely notice of appeal was filed.

The district court granted the government's motion to dismiss for failure to state a claim on which relief could be granted, holding that, in view of the many succeeding years after the negligent or fraudulent acts occurred, Mr. Bush could not bring his claims within the two-year statute of limitations "by bombarding the State Department with requests for records."

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a valid means to raise a limitations defense if the defense clearly appears on the face of the complaint. *Kaiser Aluminum's*

*Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). This is true, however, only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Abdul-Alim Amin v. Universal Life Insurance Co.,* 706 F.2d 638, 640 (5th Cir.1983). Mr. Bush concedes that he knew in 1976 that he had received only "part of his records."

In passing on such a motion, the allegations of his pro se complaint are to be taken as true, are to be viewed in the light most favorable to *Bush, Trupiano v. Swift Co.,* 755 F.2d 442, 443 (5th Cir.1985), and are to be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Mr. Bush alleges that he was injured in Greece in 1948 while employed by the State Department but that the Department failed, either negligently or fraudulently, to send his medical and personnel records and provide proper information to the Veterans Administration in 1960. He further alleges that he did not learn of this omission until 1973, with the result that he incurred considerable expense and grief and was unable to obtain adequate medical treatment and aid from the VA. He also alleges that this resulted in continuing social, financial, medical, and mental injury, including the destruction of his family life, and, further, that the State Department had developed a "psychological profile" on him which was based on misstatements, innuendo and gossip by third persons. He also alleged that, in spite of his many requests following 1973, the Department consistently declined to produce his records or provide any information up to their last denial in 1985. He concedes, however, that some records were furnished to him in 1976.

Thus Bush contends that the refusal to release the medical records relating to his employment with the State Department in the late 1940s was a continuing problem of which he has been at least partially aware since 1960. He concedes that he learned that records were not being released as he

requested in 1973. He himself received some, but evidently not all, of the relevant records in 1976.

 A tort claim against the United States is barred unless it is presented in writing to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). This period begins when the plaintiff discovers, or, in the exercise of reasonable diligence should have discovered, the fact of the injury and its cause. *Harrison v. United States,* 708 F.2d 1023, 1027 (5th Cir.1983). Even allowing for the possibility that the government may have concealed its intention to refuse to release the requested records, Mr. Bush should have been aware of his claim in 1976. He failed to notify any agency of his claim until 1985, long after the two year limitations period.

This action was therefore properly dismissed based on limitations. However, because the court considered material beyond the pleadings, dismissal should have been on summary judgment rather than for failure to state a claim. *See* Fed.R.Civ.P. 12(b); 56.[1]

AFFIRMED.

---

**1.** Bush has submitted to us a "Motion for Consideration of new evidence by the United States District Court for the Eastern District of Texas." The "motion" provides nothing of evidentiary significance and is DENIED.