NO. 07-07-0125-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 29, 2007
_____

JONATHAN BEARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410,769; HON. BRAD UNDERWOOD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Jonathan Beard was convicted of murdering his wife Sharon. In challenging that conviction, he argues, via four issues, that he received ineffective assistance of counsel and, in two issues, that Rules of Appellate Procedure 21.4 and 21.6 are unconstitutional. We affirm the judgment.

*Issues 1, 2, 3, and 4 - Ineffective Assistance*

Regarding the first four issues, appellant asserts that his counsel was deficient because he purportedly failed to request DNA testing of a hair found in the victim's mouth or present mitigating evidence during the punishment phase of the trial. We overrule the issues.

*DNA Testing*

As for the matter of DNA testing, the record discloses that appellant moved for a new trial. In that motion, the topic of trial counsel's ineffectiveness was broached, as it was at the hearing on the motion. Moreover, appellant mentioned that the alleged ineffectiveness could stem from either "Trial Counsel['s]" failure to "present[] a proper request to the Trial Court for an expert in DNA and [for] the funds to allow DNA testing." Like concern was raised at the hearing as well when appellant commented upon prior counsel's allegedly belated request for DNA testing of the hair in question; the motion was made post-conviction. Yet, while trial counsel's action with regard to DNA testing was obviously an issue to appellant at the hearing, he did not call his attorney as a witness. And, therein lies the problem with appellant's ineffective assistance claim.

Authority requires us to presume counsel acted in conformance with some reasonable trial strategy unless the record discloses otherwise. *Garza v. State,* 213 S.W.3d 338, 348 (Tex. Crim. App. 2007) (stating that if the reasons for counsel's conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, an appellate court must defer to counsel's decision). And, that trial counsel's actions *viz* DNA testing were founded on such a strategy is quite probable. Indeed, if he had asked for the hair in question to be tested

2

before trial, then it was possible that the test results would have vitiated one of his client's defenses. And, that defense encompassed the identity of the individual who appellant accused of killing his wife. In other words, if DNA testing proved that the hair did not belong to the individual whom appellant accused, then he would not be able to argue that it did. So too would have the results been one more bit of evidence indicating that the supposed assailant was not at the murder site but rather in San Antonio at the time of the killing.

Simply put, the gray area left by the absence of testing also left defense counsel with opportunity to shade it in his client's favor. And, whether this actually was trial counsel's intent could have easily been resolved at the hearing on appellant's request for a new trial. Instead, defense counsel was not called to testify. So given that defense counsel may have been pursuing a legitimate trial strategy, appellant has failed to carry his burden of showing ineffective assistance. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (stating that a claim of ineffective assistance must be firmly founded in the record).

Regarding the matter of presenting mitigating evidence at the punishment hearing, appellant notes that of his two sisters, a brother, two sons and a daughter someone surely "had something good to say about . . ." him. Yet, again, he says nothing about why trial counsel opted to forego calling any of them as witnesses. Nor was trial counsel himself called to explain it at the hearing on motion for new trial. Therefore, we do not know if counsel simply failed to investigate the availability of any potential mitigating evidence or conducted an investigation and concluded that the evidence discovered would not be favorable. In short, we lack an adequate record upon which to assess whether counsel

3

acted reasonably. *See Anderson v. State,* 193 S.W.3d 34, 39 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd) (holding that because the appellant did not call his trial counsel as a witness at the motion for new trial hearing, there was no record from which to determine whether counsel acted reasonably in not calling any witnesses).

Nor did appellant cite us to any evidence illustrating that favorable mitigating evidence actually existed. *See Bone v. State,* 77 S.W.3d 828, 837 (Tex. Crim. App. 2002) (noting that the record did not show that other mitigating evidence existed); *Gaston v. State,* 136 S.W.3d 315, 322 (Tex. App.–Houston [1st Dist.] 2004, pet. dism'd) (stating that whether to present witnesses is largely a matter of trial strategy and that there was no showing that had counsel pursued a different strategy at the punishment hearing that the result would have been different). And, it cannot logically be said that simply because appellant had siblings and other family members they would have said good things about him. So, we cannot say that his supposed failure to call a relative or sibling affected the outcome in any way much less in a way required to satisfy a claim of ineffective assistance. *See Bone v. State*, 77 S.W.3d at 833 (stating that the complainant must show both error and prejudice).

*Issues 5 and 6 - Constitutionality of Rules of Procedure*

In his last two issues, appellant challenges the constitutionality of Rules 21.4 and 21.6 of the Rules of Appellate Procedure. Rule 21.4 addresses the time in which to file a motion for new trial while Rule 21.6 concerns the time one has to present a motion for new trial to the trial court. Appellant argues that as applied to him the rules are unconstitutional because a complete transcript of the trial was unavailable at the time the trial court held

4

its hearing on his motion for new trial. He further asks that the matter be abated and remanded to the trial court so that he can develop the grounds underlying his ineffective assistance claim. We overrule the issues for several reasons.

First, we are cited to no evidence illustrating that any delay in obtaining the appellate record was caused by factors outside his control. And, if the record could have been secured before the hearing on his new trial motion but was not due to his conduct, then we would be hard-pressed to accept his contentions.

Second, no complaint was made below about the purported unconstitutionality of Texas Rule of Appellate Procedure 21.4. He simply mentioned Rules 21.6 and 26.2.[1] Thus complaint about Rule 21.4 was not preserved. *Curry v. State,* 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (stating that the constitutionality of a statute as applied must be raised in the trial court to preserve error).[2]

Third, the Court of Criminal Appeals has recognized that often an adequate record is not available for an appellant to properly raise a claim of ineffective assistance via a motion for new trial. *See Robinson v. State,* 16 S.W.3d 808, 810-811 (Tex. Crim. App. 2000). Yet, the aggrieved need not rely only on that procedural vehicle. He has available to him the avenue of post-conviction habeas corpus. *Id.* at 810. And, habeas corpus is the preferable method by which to raise such claims, according to the Court of Criminal

---

[1] We note that appellant does not take issue with Rule 26.2 on appeal.

[2] Though *Curry* dealt with a statute, we see no reason why its holding should not apply to rules of procedure as well.

5

Appeals. So, we hesitate to hold Rule 21.6 unconstitutional when appellant tries to prosecute a matter which is not readily susceptible to prosecution within.[3]

So too does appellant have another means through which to prosecute the substance of his claim. It appears in the form of a motion or petition for DNA testing under chapter 64 of the Texas Code of Criminal Procedure. More importantly, those moving for relief under that statute are afforded appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp. 2007).

Finally, with regard to the circumstances before us, appellant actually did have the means to develop his claim for ineffective assistance. Again, the trial court had a hearing on the motion for new trial, and appellant raised the claim through that vehicle. Yet, he failed to have the purportedly ineffective attorney appear and testify about matters elemental to the claim. Why he did not, we know not. So, given that appellant failed to make effective use of the time periods accompanying motions for new trial, we cannot say that those time periods are somehow unconstitutional when applied to him and under the circumstances of record.

The judgment of the trial court is affirmed.


    Brian Quinn
    Chief Justice

Publish.

---

[3]To the extent that appellant asserts that habeas relief is ineffective because he would not be entitled to appointed legal counsel, we refer the litigants to article 1.051(d) of the Texas Code of Criminal Procedure. It accords the trial court the authority to appoint counsel in habeas proceedings.