82,851-01

COURT OF CRIMINAL APPEALS
**Att: Abel Acosta, Clerk**                    February 3, 2015
P.O. Box 12308
Austin, Texas 78711


Re: SUPPLEMENT TO THE ORIGINAL APPLICATION FOR WRIT OF HABEAS
      CAUSE NO. 11-04-04686-CR-(1) COUNTS I AND II


Dear Mr. Acosta,

   Enclosed please find Applicant's Pro Se Motion Requesting
Leave To File A Supplement To The Original Applications For
Writ Of Habeas Corpus, that was filed on Dec. 22, 2014, with
the 221st Judicial District Montgomery County, Texas. Applicant
has filed this same motion with the lower court but does not
know if the clerk of that court has forwarded said motion to
the Court of Criminal Appeals.

   Please file said motion and present it to the Court, thank
you for your effective assistance in this matter.


                              Respectfully submitted,

                              /s/ _Daryl Beeson_

                              **DARYL LEE BEESON #1788958**
                              Michael Unit
                              2664 FM 2054
                              Tennessee Colony, Texas 75886


**RECEIVED IN
COURT OF CRIMINAL APPEALS**

**FEB 12 2015**

**Abel Acosta, Clerk**



MOTION DENIED
DATE: 2-18-15
BY: PC


**I.L.A.**

WRIT NO. _____

TRIAL CAUSE NO. 11-04-04686-CR-(1)
COUNTS I AND II

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF |
| | § | |
| **DARYL LEE BEESON,** | § | CRIMINAL APPEALS |
| APPLICANT | § | |
| | § | AUSTIN, TEXAS |

---

**PRO SE MOTION REQUESTING LEAVE TO FILE A
SUPPLEMENT TO THE ORIGINAL APPLICATIONS
FOR WRIT OF HABEAS CORPUS (11.07)**

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW **DARYL LEE BEESON,** pro se Applicant, requesting leave to supplement the applications for writ of habeas corpus that was filed in the above-styled and numbered cause to show this Honorable Court the further details of the circumstances of this cause.

I.

The Applicant has not been notified of a ruling from the Court to date and therefore, submits this supplement to the applications for writ of habeas corpus and is timely filed.

**II. NATURE OF THE CASE**

The Applicant was charged by indictment with two counts of aggravated sexual assault of a child, alleged to have occurred on or about January 24, 2011. The Applicant pled "Not Guilty" but a jury found him guilty as charged and assessed his punishment at life imprisonment in each count. The trial court ordered the sentences to run consecutively.

**III. REQUESTED SUPPLEMENTS OF THE CLAIMS THAT
SHOULD HAVE BEEN REAISED ON DIRECT APPEAL**

**GROUND NINE:**

---

(1)

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILURE
TO RAISE A MERITORIOUS CLAIM OF DUE PROCESS RIGHTS
AND ALSO HIS CONSTITUTIONAL RIGHT TO COUNSEL

**GROUND TEN:**
INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR HIS FAILURE
TO RAISE THE TRIAL COURT'S ABUSE OF DISCRETION
IN ADMITTING HEARSAY VIDOTAPED INTERVIEW

**GROUND ELEVEN:**
INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR HIS FAILURE
TO RAISE THE TRIAL COURT VIOLATING APPLICANT'S
DUE PROCESS RIGHTS BY DENYING HIS MOTION FOR CONTINUANCE

**GROUND TWELVE:**
INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR HIS FAILURE
TO RAISE THE TRIAL COURT'S CLEAR ABUSE OF DISCRETION
IN ADMITTING CELL PHONE PHOTOGRAPHS

Applicant is requesting this Court for leave to add these grounds that are listed above into the already filed applications for writ of habeas corpus not to change or take away from these said writs, with the cause number 11-04-04686-CR-(1).

**IV. THE REQUESTED RELIEF SHOULD BE GRANTED**

Applicant is not filing this motion to delay but for the adminstration of justice. Applicant is proceeding pro se in this matter, without assistance of professional counsel. He has no formal training in law, and has limited access to the Unit Law Library for puroses of reseaching relevant laws dealing with this case. Therefore, Applicant moves this Honorable Court to review the allegations in this pleading under the standard of review established by the United State Supreme Court in **HAINES V. KENNER, 404 U.S. 519,92 S.Ct. 594,30 L.Ed2d 652(1972).**

If this Court can reasonably read pleadings to state a valid cause of action upon which litigant could prevail it should do so despite failure to cite proper authority, confusion of legal theories, or a litigant's unfimliarity with pleadings requirments. **BUSH V. U.S. 823 F.2d 909.910(5th Cir.1987).**

(2)

## V. PRAYER

FOR THE ABOVE REASONS, and for the reasons stated in the application for writ of habeas corpus, **DARYL LEE BEESON,** respectfully request that this Honorable Court grant Applicant's Pro Se Motion requesting Leave To File A Supplement To The Original Application For Writ Of Habeas Corpus.

## VI. CERTIFICATE OF SERVICE

This is to certify that on February 3, 2015, a Pro Se Motion Requesting Leave To File A Supplement To The Original Application For Writ Of Habeas Corpus, has been forwarded to Abel Acosta, Clerk of the Court of Criminal Appeals at P.O. Box 12308, Austin, Texas 78711, by U.S. Mail.

Respectfully submitted,

/s/ _Daryl Beeson_

**DARYL LEE BEESON #1788958**
Michael Unit
2664 FM 2054
Tennessee Colony, TX. 75886

I.L.A.

WRIT NO._____

TRIAL CAUSE NO. 11-04-04686-CR-(1)
COUNTS I AND II

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF |
| | § | |
| **DARYL LEE BEESON,** | § | CRIMINAL APPEALS |
| APPLICANT | § | |
| | § | AUSTIN, TEXAS |

---

### ORDER OF THE COURT

---

On this the ____day of _____,_____, came to be heard Applicant's Pro Se Motion Requesting Leave To File A Supplement To The Original Applications For Writ Of Habeas Corpus, in the above-styled and numbered cause, and it appears to the Court that this motion should be granted.

SIGNED ON THIS THE ____ DAY OF _____,2015.

/s/_____

JUDGE PRESIDING

**I.L.A.**

---

(4)

## GROUND NINE:

**INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR HIS FAILURE**

**TO RAISE A MERITORIOUS CLAIM OF DUE PROCESS RIGHTS AND ALSO HIS CONSTITUTIONAL RIGHT TO COUNSEL**

## FACTS SUPPORTING GROUND ONE:

Applicant's appellate counsel was ineffective for failing to raise a meritorious claim of Applicant's Due Process Rights of the Fifth Amendment and also his constitutional Right of counsel that were violated during a custodial interrogation with Detective Funderburk. Applicant's testimony and in the taped interview, it is clear he invoked his right to counsel and to terminate the interview, each time he would invoke those rights the Detective would get-up and leave closing the door and leaving Applicant with the feeling of being locked-in. If the accused indicates in any manner that he wishes to reain silent or to consult an attorney, interrogation must cease, and any statement obtained from him may not be admitted against him at trial. Thus, violating

14 (d)

Rev. 01/14/14

Applicant's Fifth, Fourteenth and his Sixth Amendment Right

to counsel.

**SEE MEMORANDUM IN SUPPORT OF APPLICATION FOR HABEAS CORPUS, GROUND ONE:**

15(d)

Rev. 01/14/14

**GROUND: TEN**

**INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR HIS FAILURE**

**TO RAISE THE TRIAL COURT'S ABUSE OF DISCRETION IN**
**ADMITTING HEARSAY VIDOTAPED INTERVIEW**

**FACTS SUPPORTING GROUND:**

Appellate counsel was ineffective for his failure to raise

trial court's clear abuse of discretion in admitting a hearsay

videotaped interview of the complainant. The trial court

admitted into evidence a prior videotaped interview of the

complainant. The videotaped interview was inadmissible hearsay

which was not subject to any applicable exception. Therefore,

the videotaped interview was inadmissible hearsay that should

not have been admitted. The admission of the videotaped

interview strongly increased the weight and believability

of the complainant's testimony, to show that Applicant threat-

ed her with death or serious body injury as alleged in the

indictment. Such consistent testimony bolsters the complain-

ant's live testimony at trial. Therefore, the admission

14 (e)

Rev. 01/14/14

of the videotaped interview was harmful to the Applicant at trial. Without doubt a clear abuse of discretion is shown by the trial court in allowing the videotaped interview to be presented to the jury.

SEE MEMORANDUM IN SUPPORT OF APPLICATION FOR HABEAS CORPUS, GROUND TWO:

15 (e)

Rev. 01/14/14

**GROUND:** ELEVEN

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR HIS FAILURE
TO RAISE THE TRIAL COURT VIOLATING APPLICANT'S DUE PROCESS
RIGHTS BY DENYING HIS MOTION FOE CONTINUANCE

**FACTS SUPPORTING GROUND:**

Applicant's appellate counsel was ineffective for his failure to raise trial court denying his motion for continuance, based on a need for more time to investigate the evaluation of the complainant's mental state, due to her having "Multiple Personalities" and to assist the preparation and presentation of his defense. Here in the case at bar, the complainant described a girl named "Emily" who exists inside her head who she has known forever and who talks to her and tells her what to do and also gets mad at her if she doesn't do as "Emily" tells her to do. One of the elements of the offense was about whether or not a threat was made, the defense needed more time to find out, to what extent has "Emily" been persuading or has been influencing Bethany Cochran,

14 (f)

Rev. 01/14/14

the complainant in this case. The trial court denied the

motion for continuance, due to the fact it was the defense's

third one, and in doing so denied the Applicant sufficient

time for him to effectively use this information in his

defense, thus, denying Applicant's due process rights, and

denying him of effective assistance of counsel.

**SEE MEMORANDUM IN SUPPORT OF APPLICATION FOR HABEAS CORPUS, GROUND THREE:**

15 (f)

Rev. 01/14/14

**GROUND: TWELVE**

**INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR HIS FAILURE**

**TO RAISE THE TRIAL COURT'S CLEAR ABUSE OF DISCRETION**

**IN ADMITTING CELL PHONE PHOTOGRAPHS**

**FACTS SUPPORTING GROUND:**

These photographs were presented by Sergeant Funderburk who is not a expert in cell phone or computer recovery, nor did he remove these photos from the cell phone. The admissibility of these photos was objected to by counsel and is as follows:

"Again, Your Honor, we are going to re-urge our previous objection to the admissibility of the photographs. Even in the punishment phase of the trial, they are -- the search was conducted in violation of my client's privay rights and were on his phone. And any evidentiary value, probative value is far outweighed by the danger of prejudice. And also relevance, Your Honor, relevance to what happen in this case. They are photographs depicting -- first of all, there is no evidence that the photographs involved him at all. Number two, there is no evidence that the photographs depict anything other than

14 (g)

consensual adult activity. And there is nothing -- these are not bad acts. There is nothing unlawful about what is depicted. And since they depict consensual adult activity, they have no relevance in this case." **(RR Vol.VII.pg.20)**. Applicant contends that these photos were erroneously admitted into evidence. There was no foundation laid for the photos, they were not properly authenticated, they had no relevance other than to prove character conformity, and the danger of unfair prejudice arising from the admission of the photos substantially outweighed any probative value they might have had. See **TEX.R. EVID.403,404(b),901.** The general rule, a photo is admissible if it is relevant to the material issue and is an accurate representation of its subject as to a given time. The trial court decision to admit these photos was a clear abuse of discretion. Appellate counsel's failure to raise this issue was a violation of Applicant's Sixth Amendment Right.

15 (g)

Rev. 01/14/14