ORIGINAL

1322·15

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 09 2015

Abel Acosta, Clerk

ISAAC GONZALEZ,

Petitioner,

V.

THE STATE OF TEXAS,

Respondent.

On Appeal From The Thriteenth District Court of Appeals

Appeal No. 13-15-0034-CR

at Corpus Christi - Edinburg, Texas

ISAAC GONZALEZ'S

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

DEC 11 2015

Abel Acosta, Clerk

Isaac Gonzalez # 1809453
French M. Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601
(325) 548-9035

Petitioner, Pro Se

# TABLE OF CONTENTS:

INDEX OF AUTHORITIES.................................... ii

STATEMENT REGARDING ORAL ARGUMENT....................... iii

STATEMENT REGARDING LIBERAL SCRUTINY.................... iii

STATEMENT OF THE CASE................................... iii

PROCEDURAL HISTORY...................................... iii

ISSUE PRESENTED FOR REVIEW.............................. 1

STATEMENT OF FACTS..................................... 1

ARGUMENT:

ISSUE ONE - The Court of Appeals for the Thirteenth District of Texas
erred in dismissing Petitioner's appeal from the denial
of his Motion for Appointment of Counsel for Habeas Corpus,
where said dismissal was not based on the facts of Petiti-
oner's appeal, but rather that of another, unrelated Appe-
llant. ........................................... 3

AUTHORITY FOR APPOINTMENT OF COUNSEL.................... 3

SUBSTANTIAL CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL..... 5

GUIDANCE OF OUR FOREFATHERS............................ 5

STATEMENT OF INDIGENCE................................. 6

CONCLUSION............................................. 6

PRAYER................................................. 6

INMATE DECLARATION..................................... 7

CERTIFICATE OF SERVICE................................. 7

APPENDIX............................................... END

# INDEX OF AUTHORITIES:

## Federal Cases:

* <u>Brown v. Allen</u>, 344 U.S. 445 (1953) .................................. iii
* <u>Bush v. U.S.</u>, 823 F.2d 909 (5th Cir. 1987) ....................... iii
* <u>Ex parte Millingan</u>, 71 U.S. (4 Wall.) 2 (1866) ...................... 5
* <u>Haines v. Kerner</u>, 404 U.S. 519-520 (1972) ....................... iii
* <u>Ibarra</u>, 723 F.3d 599 (5th Cir. 2013) ............................... 5
* <u>Irvin v. Dowd</u>, 366 U.S. 717 (1961) ................................ 5
* <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012) ............................... 4, 5
* <u>Moore v. Dempsey</u>, 261 U.S. 86 (1923) ............................. 5
* <u>Trevino v. Thaler</u>, 133 S.Ct. 1911 (2013) ........................... 5

## State Cases:

* <u>Beard v. State</u>, 243 S.W.3d 783 (Tex.App.-Amarillo 2007)............. 4
* <u>Ex parte Rieck</u>, 144 S.W.3d 510 (Tex.Crim.App. 2004)............... 4
* <u>Spigener v. Wallis</u>, 80 S.W.3d 174 (Tex.App.-Waco 2002) ............. 4
* <u>Talbort v. Gibson</u>, 67 S.W.3d 568 (Tex.App.-Waco 2001) .............. 4
* <u>Traveler's Indoor co. v. Mayfield</u>, 923 S.W.2d 590 (Tex. 1996) ....... 4

## Statutes and Rules:

* Texas Code of Criminal Procedure, Article 1.051 ...................iii,1,3
* Texas Code of Criminal Procedure, Article 11.074 ................... 3

## STATEMENT REGARDING ORAL ARGUMENT:

The Petitioner is an inmate in the Texas Department of Criminal Justice and thus is not eligible to present any oral argument before the Court; therefore, if the Court grants Discretionary Review and recognizes any issue as needing oral argument, Petitioner hereby requests the Court appoint counsel to represent him in such proceedings.

## STATEMENT REGARDING LIBERAL SCRUTINY:

Petitioner is a layman of the law, unskilled and without experience in the drafting of legal papers; therefore, he is entitled to a review that comes under a less stringent standard than those formal proceedings submitted by an artful and skilled practitioner of the law; and thus, his litigation should be construed liberally under **Haines v. Kerner**, 404 U.S. 519-520 (1972); **Brown v. Allen**, 344 U.S. 445, 502 (1953); and **Bush v. U.S.**, 823 F.2d 909, 910 (5th Cir. 1987).

## STATEMENT OF THE CASE:

This is an appeal from the erroneous denial of Petitioner's motion for appointment of counsel for habeas corpus, under Texas Fair Defense Act, Art. 1.051 V.A.C.C.P., as well as the Court of Appeals erroneous dismissal of the appeal in this matter.

## PROCEDURAL HISTORY:

In a trial before a jury, Defendant was convicted of Aggravated Sexual Assault and two counts of Indecency with a Child, on August 22, 2012. On September 6, 2015, Defendant was sentenced to LIFE in the Texas Department of Criminal Justice for the Aggravated Sexual Assault, and 15 years in the Texas Department of Criminal Justice for each count of Indecency with a Child. The original Notice of Appeal was filed on September 14, 2012. The appeal was perfected and filed with the 13th Court of Appeals, who affirmed the convictions on August 8, 2013. A Petition for Discretionary Review was then filed with this Honorable Court on November 8, 2013; and said petition was refused on January 15, 2014. On June 12, 2015, Petitioner filed a DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL FOR HABEAS CORPUS, UNDER TEXAS FAIR DEFENSE ACT, ART. 1.051 V.A.C.C.P., along with a DECLARATION OF INABILITY TO PAY COST. The trial court subsequently denied said motion on June 19, 2015, although the Order is

general and non-specific as to why said motion is denied. On July 15, 2015, Petitioner filed his Notice of Appeal to said denial, as well as another Declaration of Inability to Pay Cost, Request for Designation of Court Reporter's Record, and Request for Designation of Clerk's Record. On July 28, 2015, Petitioner received a letter from the 13th Court of Appeals, dated July 24, 2015, stating that "it appears that the appeal has not been timely perfected." Upon receipt of that letter and on the same day of such reception, Petitioner sent a letter back to the Court notifying it that everything had been timely filed. On August 6, 2015, Petitioner received another letter from the 13th Court of Appeals, this time notifying him that there had been a defect in the previous letter, and it now "appears that there is no final, appealable order." Petitioner was instructed to correct this defect within ten (10) days from the receipt of that letter. Petitioner did not respond to such letter, because he is not sure how there is no appealable order, when he is in possession of the trial court's ORDER DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL. Due to Petitioner's inability to correct the defect that the Court alleged, since there was no defect, Petitioner's appeal was dismissed for "Want of Jurisdiction" on September 3, 2015. With the only remedy being to seek relief from this Honorable Court, Petitioner filed a Motion for Extension of Time to File Petition for Discretionary Review on September 29, 2015. Said request was granted and the deadline was extended to December 4, 2015. In accordance with the "prison mailbox rule," this Petition is hereby timely filed.

[This space intentionally left blank]

iv.

## ISSUE PRESENTED FOR REVIEW:

1. The Court of Appeals for the Thirteenth District of Texas erred in dismissing Petitioner's appeal from the denial of his Motion for Appointment of Counsel for Habeas Corpus, where said dismissal was not based on the facts of Petitioner's appeal, but rather that of another, unrelated Appellant.


## STATEMENT OF FACTS:

On June 12, 2015, Petitioner filed a Motion For Appointment of Counsel For Habeas Corpus, Under Texas Fair Defense Act, Article 1.051 V.A.C.C.P., as well as a Declaration of Inability to Pay Cost, in support of his need for the appointment of counsel, as he is unable to afford to retain such counsel. On June 19, 2015, the trial court denied Petitioner's motion, in a general denial that was non-specific as to why it was being denied. Petitioner timely filed his Notice of Appeal on July 15, 2015, along with the other necessary motions to pursue appeal; such as Request for Designation of Court Reporter's Record and Request for Designation of Clerk's Record.

On July 28, 2015, Petitioner received a letter from the Thirteenth Court of Appeals, dated July 24, 2015, stating that "it appears that the appeal has not been timely perfected." Upon receving that letter, Petitioner sent a back to the Court of Appeals, letting them know that everything had in fact been timely filed up to that point. On August 6, 2015, Petitioner received another letter from the Thirteenth Court of Appeals, this time claiming that it now "appears that there is no final, appealable order." Said letter further stated that if the defect was not corrected within ten days of the receipt to that letter, the appeal would be dismissed for want of jurisdiction. Since Petitioner is in possession of the trial court's order denying his motion, he waited for such dismissal, so that he could file this petition, in hopes of correcting the errors of the Court of Appeals, as well as the trial court.

On September 3, 2015, the Thriteenth Court of Appeals dismissed the appeal for "Want of Jurisdiction." Petitioner thereby sought an extension of time from this Honorable Court to file this Petition for Discretionary Review, which was granted on October 8, 2015, extending the deadline to December 4, 2015.

-1-

In the opinion issued by the Thirteenth Court of Appeals, the Court stated that Petitioner "attempts to appeal the May 20, 2015 decision of the Texas Court of Criminal Appeals' denying his petition for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure in cause number WR-64,680-03. Specifically, the Court of Criminal Appeals "denied without written order the application for writ of habeas corpus on the findings of the trial court without a hearing." (See attached EXHIBIT A, pgs. 1-2).

As stated above, Petitioner is appealing the denial of his Motion for Appointment of Counsel for Habeas Corpus, not an 11.07 - Writ of Habeas Corpus. As this Honorable Court's records will show, Petitioner has not yet filed an application for Writ of Habeas Corpus - 11.07. The Court will also notice that the writ number WR-64,680-03, cited in the Court of Appeals opinion, does not belong to Petitioner, but rather a Phillip Bernard Jackson.

Petitioner's appeal has obviously been dismissed in error, and should be remanded back to the Court of Appeals for further proceedings, if not back to the trial court with an order to appoint counsel.

---

[ This Space Intentionally Left Blank ]

## ISSUE ONE - (restated):

The Court of Appeals for the Thirteenth Distrcit of Texas erred in dismissing Petitioner's appeal from the denial of his Motion for Appointment of Counsel for Habeas Corpus, where said dismissal was not based on the facts of Petitioenr's appeal, but rather that of another, unrelated Appellant.

To be straight forward and to the point, what this case amounts to is a terrible confusion on the part of the Thirteenth Court of Appeals of Texas. They have obviously gotten Petitioner's appeal mixed up with that of another appellant; specifically that of a Phillip Bernard Jackson. Petitioner is not sure how a Court of that magnitude would make such a tremendous error, but perhaps as humans we are all capable of making mistakes.

As stated above in the Statement of Facts, the Thirteenth Court of Appeals dismissed Petitioner's appeal for "Want of Jurisdiction." The Court of Appeals claimed that Petitioner was appealing the denial of his petition for a writ of habeas corpus. With that false understanding and error on the part of the Court of Appeals, Petitioner would agree that said court would not have an allowable jurisdiction to hear such an appeal. Petitioner understands that you would not appeal a higher court's decision to a lower court. That simply would not make any sense, and that is not what Petitioner has done.

Petitioner is attempting to appeal the denial by the trial court of his Motion for Appointment of Counsel for Habeas Corpus, under Texas Fair Defense Act, Article 1.051, V.A.C.C.P.; even more applicable by the recent enactment of Article 11.074.

The reinstatement of Petitioner's appeal should be a given in this case, considering the fact that the Court of Appeals erred in dismissing it in the first place. However, Petitioner further requests this Honorable Court to **take JUDICIAL NOTICE** of Petitioner's right to the appointment of counsel for habeas corpus, in this case, where Petitioner has substantial claims of ineffective assistance of counsel at trial.

## AUTHORITY FOR APPOINTMENT OF COUNSEL:

The trial court is authorized by Article 1.051(d)(3), Texas Code of Criminal Procedure, to appoint an attorney to represent the Petitioner in this

-3-

matter, if he is indigent and the Court concludes the interests of justice require representation. TEX.CODE CRIM.PROC.ANN., Art. 1.051(d)(3)(Vernon's 2014). See **Beard v. State**, 243 S.W.3d 783, 786 n.3 (Tex.App.-Amarillo 2007).

Section 24. 016 of the Texas Government Code also authorizes the trial court to appoint counsel to represent an indigent civil litigant in exceptional cases in which the public and private interests at stake are such that the administration of justice may be best served by the appointment. TEX.GOV'T COD ANN., Sec. 24.016 (Vernon's 2014). See **Traveler's Indoor Co. v. Mayfield**, 923 S.W.2d 590, 593 (Tex. 1996); **Spigener v. Wallis**, 80 S.W.3d 174, 183 (Tex.App.-Waco 2002). See also **Talbort v. Gibson**, 67 S.W.3d 368, 372 (Tex.App. - Waco 2001)(incarceration of indigent "primary exceptional factor" warranting appointment of counsel due to fact that incarceration creates significant limitation upon litigant's ability to conduct adequate investigation and obtain evidence supporting his claim); and **Ex parte Rieck**, 144 S.W.3d 510, 515-516 (Tex. Crim.App. 2004)(habeas corpus proceedings, including those seeking relief from confinement in criminal justice system generally considered to be "civil" in nature).

Recent decisions by the United States Supreme Court indicate that the interests of justice warrant the appointment of counsel in this case, by the trial court, for the purpose of representing Petitioner in meaningfully seeking initial collateral review and adjudication on the merits of his substantial claims of ineffective assistance of trial counsel.

In **Martinez v. Ryan**, 566 U.S. 1 (2012), the Supreme Court held that a "procedural bar" by default would not prevent a federal court from hearing a substantial claim of ineffective assistance of trial counsel if, in the State initial review collateral proceeding, there was no counsel or counsel in the proceeding was ineffective. The Court explained that, because initial review in a collateral proceeding of a prisoner's ineffective assistance of trial counsel claim is in many ways the equivalent of his Direct Appeal as to that claim, if teh State does not appoint an attorney to assist the indigent prisoner in the initial review collateral proceeding, he is denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claim, similar to instances in which no attorney is appointed to pursue the Direct Appeal or in which the attorney appointed to pursue Direct Appeal is ineffective.

-4-

Subsequent to the **Martinez** decision, the Supreme Court decided a Texas case similar to that of **Martinez** with the same results. See **Trevino v. Thaler**, 133 S.Ct. 1911 (2013). In **Trevino**, the Supreme Court concluded that where, as in Texas, the state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on Direct Appeal, the Court holding in **Martinez** applies. See also **Ibarra**, 723 F.3d 599 (5th Cir. 2013).

## SUBSTANTIAL CLAIMS OF INEFFECTIVE ASSISATNCE

## OF COUNSEL EXTANT IN THIS CASE:

Substantial claims of ineffective assistance of counsel exist in this case based on, but not limited to, the following errors/omissions by trial counsel and appellate counsel:

- **Failure to object to admittance of video interview of involuntary statements.**

- **Failure to call exculpatory witnesses, as defendant rewuested.**

- **Failure to object to use of State's evidence that was not timely provided to the defense.**

- **Calling witness who had nothing probative to offer, but whose testimony was damaging to the defense.**

- **Failure to object to prosecutorial misconduct of vouching and bolstering the credibility of witness (victim) in closing argument.**

- **Failure to object to sentence imposed as excessive and disproportionate.**

- **Failure to raise viable and/or preserved issues on Direct Appeal.**

## GUIDANCE OF OUR FOREFATHERS:

Petitioner hereby respectfully requests this Honorable Court to be mindful that the paramount focus in this particular judicial matter "is not the [Defendant's] innocence or guilt, but solely whether [his] constitutional rights have been preserved." Accord **Moore v. Dempsey**, 261 U.S. 86, 87-88 (1923); see also **Irvin v. Dowd**, 366 U.S. 717, 722 (1961)(habeas corpus relief available to redress due process violations "regardless of the heinousness of the crime [and] the apparent guilt of the offender"); **Ex parte Millingan**, 71 U.S. (4 Wall.) 2, 118-19 (1866)("[I]t is the birth-right of every American citizen

-5-

when charged with a crime, to be tried and punished according to the law. The power of punishment is alone through the means which the laws have provided for that purpose, and if they are ineffectual, there is an immunity from punishment, no matter how great an offender an individual may be, or how much his crime may have shocked the sense of the country, or endangered its safety. By the protection of the law, human rights are secured; withdraw that protection, and they are at the mercy of wicked rulers, or the clamours of an excited people.").

## DEFENDANT IS INDIGENT:

Defendant continues to be indigent and unable to retain the services of a licensed attorney, to represent him in pursuit of appellate review of his substantial claims of ineffective assistance of trial counsel.

## CONCLUSION:

It is quite obvious that Petitioner's appeal from the denial of his Motion for Appointment of Counsel for Habeas Corpus was dismissed in error. It is apparent that the Thirteenth Court of Appeals of Texas mistakenly confused Petitioner's appeal with that of another appellant, thereby finding that it did not have jurisdiction to hear Petitioner's appeal. Such a finding was in error and must be corrected, as the interests of justice require such.

## PRAYER:

WHEREFORE, PREMISES CONSIDERED, Petitioner asserts that the Court of Appeals for the Thirteenth District of Texas erred in dismissing his apeal of the denail of his Motion for Appointment of Counsel for Habeas Corpus. Petitioner prays this Honorable Court will GRANT discretionary review and find that the Court of Appeals erred.

Petitioner further prays this Honorable Court will take judicial notice of his right to be appointed counsel for habeas corpus, and order the trial court to appoint counsel to assist him in pursuing his substantial claims of ineffective assistance of trial counsel.

In the very least, Petitioner prays this Honorable Court will order the Court of Appeals for the Thirteenth District Court of Appeals to reinstate his appeal from the trial court's denial of his Motion for Appointmant of Counsel

for Habeas Corpus.

Petitioner prays for general relief and any other relief which he may be entitled/given.

## INMATE DECLARATION:

I, **Isaac Gonzalez, TDCJ # 1809453**, being presently incarcerated at the French M. Robertson Unit of the Texas Department of Criminal Justice in Jones County, Texas; do hereby verify and declare under penalty of perjury that ALL statements and other references made within this PETITION are both true and correct, as well as offered in good faith.

[Tex.Civ.Prac.& Rem.Code § 132.001-003 et seq./Title 28 U.S.C. § 1746]
(A signed/dated copy of this PETITION shall have the same validity as its original)

**SIGNED AND EXECUTED on this the 3rd day of December, 2015.**

RESPECTFULLY SUBMITTED,

/s/ Isaac Gonzalez

Petitioner, Pro Se

Isaac Gonzalez # 1809453
French M. Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601
(325) 548-9035

## CERTIFICATE OF SERVCIE:

The above signer hereby certifies that a true and correct copy of the foregoing ISAAC GONZALEZ'S PETITION FOR DISCRETIONARY REVIEW has been forwarded to ALL parties in this matter, via 1st Class U.S. Mail, Postage Pre-Paid, deposited in the outgoing prison mailbox on this the **3rd day of December, 2015**; addressed to:

• Abel Acosta, Clerk
Texas Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711

• Stephen B. Tyler, Dist. Attorney
Victoria County, Texas
205 N. Bridge St., Suite 301
Victoria, Texas 77901

• Attorney General of Texas
(State Prosecuting Attonrey)
P.O. Box 12017
Austin, Texas 78711

IG/awr-File

APPENDIX

- EXHIBIT A -
Memorandum Opinion
13th Court of Appeals
No. 13-15-00334-CR
September 3, 2015
(3 pages)



# NUMBER 13-15-00334-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| ISAAC GONZALEZ, | APPELLANT, |

v.

| | |
|---|---|
| THE STATE OF TEXAS, | APPELLEE. |

### On Appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Isaac Gonzalez, proceeding pro se, attempts to appeal the May 20, 2015 decision of the Texas Court of Criminal Appeals' denying his petition for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure in cause number WR-64,680-03. Specifically, the Court of Criminal Appeals "denied without

written order the application for writ of habeas corpus on the findings of the trial court without a hearing."

On August 3, 2015, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order, and requested correction of this defect within ten days or the appeal would be dismissed. Appellant has failed to respond to the Court's directive.

As a general rule, an appeal in a criminal case may be taken only from a judgment of conviction. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961). However, there are certain narrow exceptions. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.) (listing exceptions). The order appellant complains of is not a judgment of conviction nor does it fall within any exception to the general rule. *See id.* Moreover, this court has no jurisdiction in criminal law matters pertaining to habeas corpus proceedings seeking relief from final felony convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (West, Westlaw through Ch. 46 2015 R.S.).

The Court, having examined and fully considered the documents on file and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. Pending motions, if any, are likewise DISMISSED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 3rd
day of September, 2015.

2



# THE THIRTEENTH COURT OF APPEALS

## 13-15-00334-CR

Isaac Gonzalez
v.
The State of Texas

On Appeal from the
24th District Court of Victoria County, Texas
Trial Cause No. 12-3-26,449-A

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes the appeal should be dismissed for want of jurisdiction. The Court orders the appeal DISMISSED FOR WANT OF JURISDICTION in accordance with its opinion.

We further order this decision certified below for observance.

September 3, 2015

APPENDIX

- EXHIBIT  B -

DOCKET SHEET

Case No. WR-64,680-03

Shows Wrong Facts Applied To This Case

(1 Page)

Style: Applicant  JACKSON, PHILLIP

---

**Original Proceeding:**     **No**

**Case Description:**     11.07 HC

Punishment: 12 YEARS; $110 COURT COSTS     BondAmount:     In Jail: False

**Trial Court Information**

| County | Court Name | Case # | Judge | Court Reporter |
|---|---|---|---|---|
| Nueces | 105th District Court | 00-CR-2318-D | | |

**COA Information**

| COA Case Number | Published Cite | COAJudge | Disposition Code |
|---|---|---|---|
| 13-03-000495-CR | | | |

**Events and Opinions**

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission |
|---|---|---|---|---|---|---|---|
| 09/24/2015 | HABEAS CORPUS REC - 1107-HC | MISC DOCUMENT RECD | WRIT | | | | |
| 05/20/2015 | HABEAS CORPUS REC - 1107-HC | ACTION TAKEN | WRIT | HCRDEN/NH EAR | | HC DEN W/O ORD ON TC FIND W/O HRG | |
| 04/22/2015 | HABEAS CORPUS REC - 1107-HC | WRIT SUBMITTED | | | | | |
| 04/16/2015 | HABEAS CORPUS REC - 1107-HC | WRIT RECEIVED | WRIT | | | | |

Isaac Gonzalez # 1809453
French M. Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

DEC 7
2015

ABEL ACOSTA, CLERK
TEXAS COURT OF CRIMINAL APPEALS
P.O. BOX 12308
CAPITOL STATION
AUSTIN, TEXAS
78711



DEC 7
2015