# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2025

Lyle W. Cayce
Clerk

———————

No. 24-50759

———————

Siddharth Kode,

*Plaintiff—Appellant*,

*versus*

Joseph Pargin; Kimberly Pargin,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1223

_____

Before King, Smith, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Siddharth Kode, a resident of the Summerlyn neighborhood in Williamson County, sued the county, the Williamson County and Cities Health District ("WCCHD"), the Williamson County Constable's Office ("WCCO"), the Williamson County Sheriff's Office ("WCSO"), the Williamson County Attorney's Office ("WCAO"), the Williamson County District Attorney's Office ("WCDAO"), and Kode's neighbors, Joseph

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

1

No. 24-50759

and Kimberly Pargin and Rebecca Robertson, for allegedly participating in a racially motivated conspiracy and racketeering enterprise to drive him out of the neighborhood. He asserted several causes of action under (1) the Fair Housing Act, 42 U.S.C. §§ 3604, 3617 ("FHA"), (2) the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982 ("1866 CRA"), (3) the Ku Klux Klan Act, 42 U.S.C. §§ 1983, 1985 ("KKKA"), (4) the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("1964 CRA"), (5) the Texas Fair Housing Act, Tex. Pr. Code § 301.021 ("TFHA"), and (6) the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962 ("RICO").

The district court dismissed Kode's claims against the WCCO, the WCSO, the WCAO, and the WCDAO for want of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Kode v. Cnty.*, No. 1:23-CV-1223-RP, 2024 WL 4404498, at *3 (W.D. Tex. July 8, 2024). It also dismissed Kode's remaining claims against the county, the WCCHD, the Pargins, and Robertson under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Id.* at *3–4. The court further denied Kode's motion for leave to amend his complaint and his subsequent motion for reconsideration. *Id.* at *5–6. [1]

Kode appeals the dismissal of his claims and the denial of his motions for leave to amend and for reconsideration, but only as to the Pargins. *See* Notice of Appeal. We limit our review to those claims. Finding no reversible error, we affirm.

---

[1] The district court, having dismissed all of Kode's federal claims, dismissed his TFHA claim for lack of jurisdiction. *Id.* at *5. Because the court properly dismissed Kode's federal claims, we find its dismissal of Kode's TFHA claim proper. *See Rhyne v. Henderson Cnty.*, 973 F.2d 386, 395 (5th Cir. 1992).

No. 24-50759

I.

We review *de novo* Rule 12(b)(6) dismissals for failure to state a claim. *Petrobras Am., Inc. v. Samsung Heavy Indus. Co.,* 9 F.4th 247, 253 (5th Cir. 2021). Dismissal under Rule 12(b)(6) is proper where the complaint lacks sufficient facts, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion is a valid means to raise a statute of limitations defense. *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987). A limitations defense may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is time-barred and the pleadings fail to raise some basis for tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

We review denials of leave to amend under Rule 15(a) for abuse of discretion. *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872 (5th Cir. 2000). We likewise review denials of a Rule 59(e) motion for reconsideration for abuse of discretion. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

II.

The district court dismissed Kode's civil rights claims under the FHA, the 1866 CRA, the KKKA, and the 1964 CRA, finding that each claim is subject to a two-year statute of limitations and that he failed to provide any evidence within that limitations period to support his claims. We agree.[2]

---

[2] *See Dews v. Town of Sunnyvale*, 109 F. Supp. 2d 526, 563, 563 n.90 (N.D. Tex. 2000) (collecting cases); *Price v. Digit. Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (per curiam) (holding that § 1981 and § 1983 claims brought in Texas are subject to its two-year statute of limitations); *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1522 (5th Cir. 1993) (affirming district court's determination that Title VI claims are subject to the Texas two-year statute of limitations).

On appeal, Kode avers that his 42 U.S.C. § 1981 claim is subject to a four-year limitations period. Regardless of the merits, he has forfeited that argument. Though he raised his limitations argument in earlier filings against other defendants, he did not raise it against the Pargins until his motion for reconsideration. And "[t]his court will typically not consider an issue or new argument raised for the first time in a motion for reconsideration in the district court."[3]

Kode also attempts to invoke the continuing-violation doctrine to extend the limitations period on his otherwise time-barred claims. But he fails to identify any activity in the relevant limitations period that supports his civil rights claim.[4] The only claimed act that either of the Pargins committed within the two-year limitations period is that Joseph Pargin made a statement on October 10, 2021, in which he allegedly commented on Kode's clothing and asked that he get the cameras off his property. That action is insufficient to support any of Kode's civil rights claims. The district court properly dismissed those claims.

## III.

The district court also dismissed Kode's fraud-based RICO claims, finding that he "ha[d] not made specific allegations as to each allegedly fraudulent act and each Defendant's alleged participation in such acts," contrary

––––––––––––––––––––––

[3] *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014), *as revised* (Sept. 2, 2014); *see also Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007).

[4] *See Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 740 (5th Cir. 2017) (requiring that, for the continuing-violation doctrine, some of the continuous conduct occur within the limitations period).

to the heightened-pleading standard of Federal Rule of Civil Procedure 9(b).[5] Kode, on appeal, contends that the court "ignored the non-conclusory allegations" in his amended complaint that set forth "with [exhaustive] particularity" the "circumstances constituting fraud" under Rule 9(b). But he fails, both in his amended complaint and his opening brief, to identify any activity to support his RICO claim, and instead presents—at most—"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that "do not suffice." *Iqbal*, 556 U.S. at 678. We find no error in the dismissal of Kode's RICO claims.

## IV.

The district court properly denied Kode's motion for leave to amend. Kode has already had the opportunity to amend his complaint once. And though *pro se* litigants should generally be offered an opportunity to amend a complaint before it is dismissed, a district court need not grant a motion to amend that is futile. *Stripling*, 234 F.3d at 872–73. Futility is determined under Rule 12(b)(6) standards; in other words, an amendment is futile if it would fail to state a claim upon which relief could be granted. *Id.* at 873. Because Kode cannot add anything to his pleadings, nor has he attempted to identify anything that he could add that would save his claims, it would be futile to grant leave to amend. *See Legate v. Livingston*, 822 F.3d 207, 211–12 (5th Cir. 2016).

## V.

The district court, in a text order, denied Kode's Rule 59(e) motion for reconsideration because Kode failed clearly to establish a manifest error of law or fact or present newly discovered evidence. *See Simon*, 891 F.2d

---

[5] *See Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997) (holding that fraud-based RICO claims are subject to Rule 9(b)'s heightened pleading standard).

at 1159. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly" and serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* In his motion for reconsideration, Kode introduced a new legal theory, namely that his § 1981 claim is subject to a four-year limitations period, and reiterated old arguments. Accordingly, the district court properly denied the motion for reconsideration.

AFFIRMED.